It does not appear that the husband left any property, or that the widow had any interest to subserve by assuming the payment of his debts. She was under no obligation to the plaintiffs, unless one was created by her unwritten promise to pay what she did not owe. The original demand was not extinguished by the arrangement, and *Page 165 
there was no such new consideration as would suffice to take the case out of the statute of frauds. The settlements which the plaintiffs were to aid her in negotiating, were of the debts of another, for which she was not liable and in which she had no personal concern. She was evidently in good credit; for the appellants were willing to trust her for the amount of her husband's debt and for all she was willing to purchase. A verbal promise to sell goods to a responsible party for their full value and on the usual terms, forms no consideration for an independent engagement to pay the antecedent debt of a third person. There is nothing in the facts found by the referee, to withdraw the agreement from the operation of the statute of frauds. (Mallory
v. Gillett, 21 N.Y. 412).
The judgment should be affirmed.
All the judges concurring, except BOCKES and GROVER, JJ., who were for reversal,
Judgment affirmed. *Page 166