CHARLES DUFFY, Respondent, *v.* WILLIAM WUNSCH, Appellant.

The verbal promise of A to pay the debt of B, if C will discontinue a suit for its recovery, then pending against B, and a discontinuance of the suit in consideration of that promise, will not sustain a recovery by C against A.

Such a promise is void as within the statute of frauds.

(Submitted January, 1870; decided March 19, 1870.)

THIS is an appeal by the defendant from a judgment of the General Term of the Common Pleas, of the city and county of New York, affirming a judgment of the eighth district court of said city, rendered in favor of the plaintiff for forty-four dollars damages and costs. John Roller sold bread to

Louis Wunsch, the brother of the defendant, to the value of ninety dollars. Roller transferred the demand to the plaintiff, who commenced an action to recover the same against Louis Wunsch. The defendant, William Wunsch, promised Roller, that in case he could induce Duffy to discontinue the action against his brother, he (defendant) would pay the debt, and the same was discontinued. Subsequently thirty dollars was paid, and this action was brought to recover the balance of the defendant, based upon his promise to pay the debt of his brother Louis Wunsch, and there was a recovery in favor of the plaintiff, which was affirmed by the Common Pleas, and the defendant appeals to this court.

*G. Storms Carpenter*, for the appellant, cited *Mallory* v. *Gillett* (21 N. Y., 412, and cases there cited); *Pfeifer* v. *Adler* (37 N. Y., 164); *Brown* v. *Weber* (38 N. Y., 187); *Leonard* v. *Vredenburgh* (8 John., 29); *Nelson* v. *Boynton* (3 Metc., 390); *Fish* v. *Hutchinson* (2 Wilson, 94).

*David McAdam*, for the respondent, cited *Elting* v. *Vanderlyn* (4 John., 237); *Smith* v. *Weed* (20 Wend., 184); *Hilliard* v. *Austin* (17 Barb., 141); *Seaman* v. *Seaman* (12 Wend., 381); *Palmer* v. *North* (35 Barb., 282); *Prentice* v. *Wilkinson* (5 Abb. Pr. R., N. S., 49).

INGALLS, J.    This appeal presents but one question. Whether the verbal promise of the defendant to pay the debt, which his brother had contracted for his own benefit, and on his own account, and from which the defendant derived no advantage, was void by the statute of frauds. The Revised Statutes, vol. 3 (page 221, § 2, 5th ed.), provide as follows: " In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, expressing the consideration, *be in writing*, and subscribed by the party to be charged therewith. 1st. Every agreement that by its terms is not to be performed within one year from the making thereof.   2d. Every special promise to answer for the

debt, default or miscarriage of another person." The above section was amended in 1863, so that the consideration for the agreement need not be expressed therein. It is not pretended that there was any note or memorandum of the defendant's promise, or that the defendant received any consideration, or derived any benefit on account of his promise to pay the debt. Nor that the plaintiff parted with anything of value, or incurred any liability or obligation in consequence of such promise, unless it be inferred that he became liable to pay the costs of the action which was commenced against the brother of the defendant. There is no proof that he paid the costs of such action. It is very clear that the debt remained uncancelled against Louis Wunsch, and could be collected of him, if responsible, so that the defendant, at most, became surety for his brother. We are clearly of opinion that the agreement of the defendant was void, not being in writing. It was not an agreement to pay his own debt, but that of his brother, and without any consideration whatever enuring to the defendant. If it be assumed that the discontinuance of the cause against Louis Wunsch furnished an adequate consideration for the defendant's promise, the difficulty still remains, because the agreement was not in writing, The case at bar is not, in principle, distinguishable from *Mallory* v. *Gillett* (21 N. Y., 413); *Pfeiffer* v. *Adler* (37 N. Y., 164); *Brown* v. *Weber* (38 N. Y., 184). The judgment should be reversed with costs.

Lott, J. Assuming the testimony of John Roller to be true, it at most establishes the fact that the defendant promised orally to pay a part of a subsisting debt, then due from Louis Wunsch, his brother, to Charles Duffy, if Duffy would discontinue a suit commenced for its recovery, and that the condition was fulfilled. It is, in fact, a special promise by him to answer for the debt of his brother, and conceding that the discontinuance of the action was a sufficient consideration for the promise, it was, nevertheless, void under the statute of frauds, which declares that every special

promise to answer for the debt, default or miscarriage of another person shall be void, unless the agreement, or some note or memorandum thereof, expressing the consideration, be in writing, subscribed by the party to be charged therewith. The promise was not made or accepted in the place or as a substitute of the original debt, or in extinguishment thereof; on the contrary, Louis Wunsch continued liable for the amount or balance thereof, which the defendant agreed to pay. I see no ground on which the defendant can be held liable on the promise, and give effect to the statute, and the case of *Mallory* v. *Gillett* (21 N. Y. Rep., 412) is a conclusive authority against the plaintiff's right of recovery.

The judgment of the court below must be reversed with costs.

All concur for reversal.

Judgment reversed.