### BELKNAP v. BENDER.

*Statute of frauds — promise to pay debt of another. Trust — when action does not lie against trustee.*

A parol promise to pay the debt of another is not rendered valid under the statute by the fact that the party promising receives a good consideration therefor.

A continuance by an employee of A to work for B at the price paid by A, *held* not a good consideration for a promise by B to pay the employee the amount due him for work done for A.

W. sold and transferred to defendant certain logs, the defendant agreeing to manufacture the logs, and out of the proceeds to pay the amount due from W. to his workmen, which meant a debt due plaintiff. *Held,* that plaintiff could not maintain an action upon a promise by defendant to pay the amount due plaintiff from W., but could only require defendant to account for the property received as trustee, after the manufacture and disposition of such property.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought by Andrew J. Belknap against Wendell M. Bender to enforce a promise which the plaintiff claimed that the defendant had made to pay a debt due and owing to the plaintiff from a firm by the name of Ward & Van Vicker. The plaintiff had performed work and labor for said Ward & Van Vicker in sawing lumber for them at a mill which he was running, to the amount of $1,400 or $1,500. The lumber manufactured for which such debt was owing had been delivered to said Ward &

Van Vicker, and had been shipped by them. Said Ward & Van Vicker, being embarrassed and in debt to the defendant, sold out to him their logs not manufactured at said mill, and the defendant applied to the plaintiff to continue to work said mill and manufacture said logs at the same rate he had received from said Ward & Van Vicker, and the plaintiff claims that the defendant told plaintiff if he would keep right on running the mill he would pay plaintiff just the same he had been receiving, and said also "that he had made arrangements with Ward & Van Vicker to pay the plaintiff's debt, and that he would pay him the back pay that was coming to him." The plaintiff continued, and worked up the logs at the mill, for which the defendant fully paid him, but denied any obligation to pay the amount previously owing to plaintiff from said Ward & Van Vicker.

It appears that on the 20th of August, 1872, said Ward & Van Vicker, by an instrument in writing, sold and transferred the said mill and all therein, including logs then lying in the yard adjacent to be manufactured, and the proceeds were to be applied to pay certain debts of the said Ward & Van Vicker therein specified, amounting to about $1,500, among which was a payment of back wages due the men for the month of July. This provision, it was understood, was in favor of the plaintiff and the men in his employ.

This suit was commenced in January, 1873, and at that time the logs at said mill had not been all sawed, and the lumber remained mostly unsold and not disposed of in the hands of the defendant. At the close of the case the defendant's counsel moved for a nonsuit, which was denied, and the counsel duly excepted, and also excepted to the charge of the judge, so far as it instructed the jury that if Bender told plaintiff he had made an arrangement to pay and would himself pay, he was liable, or, if he intended to promise he would pay, he was liable. The jury found a verdict for the plaintiff for $1,506.26.

*Adams & Swan,* for appellant.

*J. Thomas Spriggs,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and MORGAN, JJ.

E. DARWIN SMITH, J. The defendant's motion for a nonsuit should, I think, have been granted. The evidence presents, on the

most favorable view of it for the plaintiff, a bald case of a promise by the defendant to pay the debt of Ward & Van Vicker to the plaintiff, and is clearly within the statute of frauds. The statute is very explicit. It declares that "every special promise to answer for the debt, default or miscarriage of another person" "shall be void unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith." Such was this promise. It was not in writing. It was a special promise to pay the debt of Ward & Van Vicker.

It was of no consequence, if there was a good consideration for it at common law. It was, nevertheless, void because it was not in writing. But the continuance by the plaintiff of the work of manufacturing said logs for the same price he had previously received of Ward & Van Vicker was no more a good consideration for such a promise than was the promise of a party to sell goods for their full value to a solvent debtor a good consideration for a promise to pay the debt of a third person, as held in *Pfeiffer* v. *Adler*, 37 N. Y. 164.

The plaintiff relinquished no lien, parted with no rights upon the faith of the defendant's promise. It is not pretended that such promise was made, received or accepted as a substitute for the original demand of the plaintiff against Ward & Van Vicker, or that said demand was in any way extinguished.

A naked parol promise to pay the debt of another without consideration would be void at common law, and with a good consideration such promise is void under the statute because it is not in writing. The plaintiff doubtless had a claim under contract of sale or assignment made by Ward & Van Vicker to the defendant to require him to account as trustee for the property which came to his hands under such sale or assignment, and for payment rateably of his proportion of the assets in the defendant's hands, but this action is not brought for any such purpose, and is premature if such were its object. I do not see the slightest basis for this action within the well-considered case of *Mallory* v. *Gillett*, 21 N. Y. 412.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*