EDWARD D. ROE, Appellant, *v.* FREDERICK BARKER et al., Respondents.

82    431.
75 AD¹194

Plaintiff contracted to convey to H. certain premises for $1,350, $300 was paid down and the balance was agreed to be paid in annual installments.

H. assigned his contract to defendants in payment of two notes, the latter agreeing to pay enough in addition to make the purchase-price $300, H., however, reserving the right to redeem. In an action brought to recover installments due and unpaid on the contract, H., as a witness for plaintiff, testified that defendants were to pay up the contract. *Held,* that the evidence failed to show an express agreement on the part of defendants to pay the balance due plaintiff ; that the most that could be claimed was that defendants agreed to make advances for H., to be repaid when he redeemed; that there was therefore no assumption of the debt, so as to make it the debt of defendants, at least no promise intended for the benefit of plaintiff; and that, therefore, plaintiff was not entitled to recover.

*Ricard* v. *Sanderson* (41 N. Y. 179), *Cooley* v. *H. M. Co.* (53 id. 620), *Campbell* v. *Smith* (71 id. 26), distinguished.

After installments had become due, defendants requested plaintiff to give further time, which he did in consideration of an oral promise to pay the debt. *Held,* that this did not authorize the reversal of the judgment, as no such cause of action was set forth in the complaint, and as the promise was void under the statute of frauds; and that, conceding it was supported by a sufficient consideration in the agreement for forbearance, it was not thereby made valid.

(Argued October 6, 1880; decided November 9, 1880.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department in favor of defendants, entered upon an order denying a motion for a new trial, and directing judgment upon an order nonsuiting plaintiff on trial. (Reported below, 17 Hun, 204.)

This action was brought to recover two installments due upon a contract between plaintiff and one Hammell, the substance of which, and the material facts, appear in the opinion.

*Jno. T. Davidson* for appellant. The rule is settled in this State, that if one person, for a valid consideration, make a promise to another for the benefit of a third person, such third person may maintain an action upon the promise. (*Lawrence* v. *Fox,* 20 N. Y. 268 ; *Burr* v. *Beers,* 24 id. 178; *Ricard* v. *Sanderson et al.,* 41 id. 179; *Barlow* v. *Myers,* 64 id. 41 ; *Campbell* v. *Smith,* 71 id. 26.) An agreement to forbear either absolutely, or for a certain time, or for a reasonable time, to institute or prosecute legal or equitable proceedings

to enforce a legal or equitable demand, is a sufficient considera-
tion for the promise of the debtor, or of a third person, to pay
the debt, or to do any other act.    (1 Chit. on Cont. 36 ; *Watson*
v. *Randall*, 20 Wend. 201 ; *Mechanics & Farmers' Bank* v.
*Wixson*, 42 N. Y. 438 ; *Hakes* v. *Hotchkiss*, 23 Vt. 235.)    If
the claim is a well-founded one, or even if it be doubtful, a
forbearance to prosecute for a reasonable or a certain time will
be a sufficient consideration for a promise to pay the claim.
(*Haggerty* v. *Allaire Works*, 5 Sandf. 230 ; *Ritter* v. *Phillips*,
53 N. Y. 586 ; *Jennison* v. *Stafford*, 1 Cush. [Mass.] 168 ;
*Elting* v. *Vanderlyn*, 4 Johns. 237 ; *King* v. *Upton*, 4 Me.
387 ; *Giles* v. *Ackles*, 9 Penn. St. 147 ; *Read* v. *French*, 28
N. Y. 285 ; *Steward* v. *McGuin*, 1 Cow. 99.)

*J. R. Ward* for respondents.    A deed or assignment, abso-
lute on its face, may be shown by parol proof to be only con-
ditional.    (*Despard* v. *Walbridge*, 15 N. Y. 374, 378, 379 ;
*Chester* v. *Bank*, 16 id. 336, 343 ; *Garnsey* v. *Rogers*, 47 id.
233, 238-9.)

FINCH, J.    The plaintiff in this action was nonsuited upon
the trial and argues here that the decision was erroneous.    The
case he made may be briefly stated.    He had given to one
Hammel a contract in the ordinary form to convey to the lat-
ter a lot of land for the sum of $1,350, payable $300 on the
execution of the agreement and the balance in five equal an-
nual payments.    The $300 was paid on the 15th of October,
1873, and one year later the interest on the balance to that
date.    In June, 1875, Hammell sold and assigned his contract
to the defendants.    At the time of this transfer, Hammell ap-
pears to have been indebted to the defendants in the amount
of two notes; one dated April 5th, 1875, for $100, payable in
two months, and one dated February 4th, 1875, for $71.34,
payable in three months.    These notes were to be extinguished
by the assignment of the contract, and the defendants agreed
to pay Hammell enough more in trade out of their store to
make the whole purchase-price amount to $300.    But the

transaction did not end here. The assignment was made, and accepted, coupled with an agreement that Hammell might redeem. He reserved the right to take back his contract, upon paying up to defendants what they had advanced on it. No limitation upon the time of redemption was imposed. After two payments of principal had fallen due and remained unpaid the plaintiff brought this action against the defendants, alleging in his complaint that the latter had promised Hammell to pay the balance that should fall due on the contract, and that such promise enured to plaintiff's benefit and gave him a right of action.

We do not think, however, that the evidence shows the existence of any such promise. The proof relied upon to establish it is contained in the evidence of Hammell. To the question "what was said about the payment of the balance on the contract," he answered, "it was going to Mr. Roe." That was undoubtedly true, but it was very far from saying that defendants promised to pay it to him. Then followed the question "who was to pay it," to which the witness replied, "they were to pay the contract up." This amounts to no more than the natural inference that they, who had become the owners of the contract, would, if necessary, pay the balance in order to protect their beneficial interest, and there is a careful omission to state any express promise by the defendants absolutely agreeing with Hammell to pay that balance to Roe. That omission gains added force and significance when viewed in connection with Hammell's right to redeem. That circumstance shows that there could not have been an absolute promise to pay Roe. If Hammell redeemed he and not the defendants was to pay the balance. The most that can be said, therefore, if we strain the evidence to its limit, is that the defendants agreed to make for Hammell advances upon the contract which he should repay if he was able when he redeemed it from the defendants, and that until that time the latter held it as collateral security for their advance already made to him, and such as they might thereafter make for him upon the contract. There was, therefore, no absolute

promise to pay the plaintiff at all; no assumption of the debt due to the vendor so as to make it the debt of the defendants; and, at all events, no promise to Hammell intended to be for the benefit of plaintiff. The case falls within the rule declared in *Garnsey* v. *Rogers* (47 N. Y. 237), and the transaction between Hammell and defendants gave no right of action to the plaintiff.

The learned counsel for the appellant endeavors to save this case from the effect of the decision referred to, in several ways. He claims that upon the evidence this was an absolute sale. That could not be where the right of redemption was reserved and that fact is not disputed. He suggests that in *Garnsey* v. *Rogers* the right of redemption had been exercised before the commencement of the action while in the case at bar it had not. The difference is immaterial. The rule depends upon the existence of the right and not upon its exercise. While that remains, the promise, if made, is not absolute, and is plainly intended solely for the benefit of the other party to the contract, and not at all for that of the creditor. That it may result in a benefit to him is not enough to give him an absolute right of action. The cases cited by the learned counsel of the appellant do not conflict with this rule. (*Ricard* v. *Sanderson*, 41 N. Y. 179; *Cooley* v. *Howe Machine Co.*, 53 id. 620; *Campbell* v. *Smith*, 71 id. 26.) In all of them the covenant to pay was absolute, and the liability fixed, and it was upon that distinct ground that the creditor's right of action was sustained.

It is further claimed that the defendants requested plaintiff after payments had matured to give further time, and that plaintiff did so in consideration of a direct promise made by defendants to pay the debt. No such cause of action was set out in the complaint. That alleged a promise to Hammell and not one to plaintiff. But a fatal difficulty remains in the effect of the statute of frauds. In the view we have taken of the case no debt for the contract balance existed from defendants to plaintiff. The only debt was Hammell's. The promise of the defendants, therefore, was to pay Hammell's debt.

It was purely a collateral promise. Notwithstanding its existence the liability of Hammell to the plaintiff remained as a subsisting debt, and it was that debt and not their own which defendants promised to pay. As the promise was not in writing it was within the statute of frauds and void, and is not made valid if we concede that it was supported by a sufficient consideration in the agreement for forbearance. (*Watson* v. *Randall*, 20 Wend. 201; *Mallory* v. *Gillett*, 21 N. Y. 412; *Burtis* v. *Thompson*, 42 id. 246.) We think, therefore, that the ruling at the trial° was right, and the plaintiff properly nonsuited.

The judgment should be affirmed.

All concur.

Judgment affirmed.