Morgan v. Woodruff.

---

WILLIAM H. MORGAN, Respondent, *against* LAUREN C. WOODRUFF, Appellant.

(Decided June 25th, 1883.)

One of the bail for defendant in an action agreed to pay the attorney for plaintiff a certain sum of money if he would discontinue the action, and the action was thereupon discontinued, the plaintiff's attorney having been previously authorized by his client to discontinue it without costs. *Held*, that the agreement was not void, either under the Statute of Frauds because not in writing, or as opposed to public policy.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York, affirming a judg-

ment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The facts are stated in the opinion.

*Henry Thompson* and *F. J. Fithian*, for appellant.—The contract on which this judgment was recovered was an agreement to pay $1,000 of the fees due plaintiff from Homer Cook, his client, in Chicago. This is clear and uncontradicted from the pleadings and from the evidence. Upon the evidence and the pleadings there can be no question that plaintiff's recovery, if he is entitled to any, must be upon the promise to pay the debt due from Cook for legal services. Recovery must be *secundum allegata et probata* (*Brazill* v. *Isham*, 12 N. Y. 9; *McKyring* v. *Bull*, 16 N. Y. 297; *Quin* v. *Lloyd*, 41 N. Y. 352; *Boyd* v. *Weeks*, 2 Denio 321).

The contract is void by the Statute of Frauds (3 R. S., Part II., c. 7, tit. 2, § 2, p. 221, 5th ed.; *Duffy* v. *Wunsch*, 42 N. Y. 243; *Mallory* v. *Gillett*, 21 N. Y. 413; *Brown* v. *Weber*, 38 N. Y. 187; *Jackson* v. *Rayner*, 12 Johns. 291; *Nelson* v. *Boynton*, 3 Metc. 396; *Fish* v. *Hutchinson*, 2 Wils. 94; *Pfeiffer* v. *Adler*, 37 N. Y. 164).

The learned judge was in error in holding that "the promise made by defendant was an original undertaking on his part to pay a debt created by his own act," and that the promise was an agreement "to pay $1,000 if the plaintiff would perform a certain service, which was performed." The agreement had no elements of an original contract, and was not so regarded by any of the parties or witnesses.

But if the promise was a simple hiring of Morgan to enter an order of discontinuance, a recovery of $1,000 for such service cannot be sustained. Such a promise constitutes an unconscionable iniquitous agreement which the court ought not to sustain, especially as this was a contract between attorney and client (*Goodenough* v. *Spencer*, 15 Abb. N. S. 248); it was obtained by the attorney by means of a fraudulent concealment of the facts; it was without

consideration; it was in the alternative, and there does not appear to have been a breach of both conditions; and it was illegal and void as against public policy and good morals, because involving a betrayal of the fiduciary relations existing between plaintiff and Cook.

*Amasa A. Redfield*, for respondent.—The agreement was defendant's own. It was original, absolute and unqualified. It was unconditional, and had no reference to the default of any other person (*Brown* v. *Weber*, 38 N. Y. 187, 189; *Chase* v. *Day*, 17 Johns. 114; *Darlington* v. *McCunn*, 2 E. D. Smith 411; *Mallory* v. *Gillett*, 21 N. Y. 413). In *Duffy* v. *Wunsch* (42 N. Y. 243), and other cases cited by defendants, there was no consideration moving to the promisor. See discussion in *Emerson* v. *Slater* (22 How. [U. S.] 28).

The contention that the contract is opposed to public policy, in that plaintiff acted as employee of both parties, is wide of the facts. Had the contract been for the rendition of services, it would be no objection to its validity, as it was not adverse to Morgan's client, whose approval of it had been given in advance (*Rowe* v. *Stevens*, 53 N. Y. 621).

CHARLES P. DALY, Chief Justice.—The jury have found against the defendant on the facts, which, upon their finding, are as follows:

The plaintiff was employed by Homer Cook, of Chicago, the assignee for a bankrupt institution, to bring an action in this state against George C. Smith to recover $158,601.83, which action was brought in the Supreme Court. Smith was arrested in the action and held to bail in $200,000, which was subsequently reduced to $100,000, and the defendant, Woodruff, and another party became his bail. Smith being released from custody, returned to Chicago, where he was subjected to some legal procedure instituted or pending there, which, it would seem, rendered the prosecution of the suit of less importance here, as the assignee failed to supply his attorney (the plaintiff) with funds which he deemed requisite to continue the prosecution of the action.

The defendant obtained an order requiring security for costs, and a bond for $250 was filed, but this afterwards being considered inadequate, an application was made to increase the security to $1,500. The judge intimated that he would grant the application, but gave plaintiff leave to communicate with his client, who, on the 28th of March, was advised by the plaintiff by letter of what had occurred, in which he stated that the suit would be dismissed if the additional security was not given, with a heavy judgment against his client, Cook, for costs, upon which the defendant could sue Cook in Chicago; stating, also, that from his (Cook's) long silence the plaintiff had come to the conclusion that he did not wish to push the case; that it might have been tried and disposed of; and calling his client's attention to his (the plaintiff's) previous application for information respecting witnesses that could and would come here, declaring that he (Cook) would certainly be defeated if he went to trial without evidence; asking for instructions, and stating that he believed he could get the case discontinued by consent without costs to either party; and that he advised that course, unless his client wished to furnish the additional security or meant to abandon. In reply to which, Cook, the client, telegraphed to him to discontinue, unless directed to the contrary by Mr. Cooper, who was the person who employed the plaintiff to bring the suit here. Cooper did not direct the plaintiff to the contrary, and on the 11th of April following an agreement was entered into between the plaintiff and the defendant, Woodruff, by which Woodruff agreed that he would pay the plaintiff $1,000 towards the plaintiff's costs in the action, which were greater than that amount, if the plaintiff would discontinue the suit, which he did, and an order to that effect was entered.

The defendant having failed to pay the $1,000 this action was brought, and the plaintiff, upon conflicting evidence as to the agreement, obtained a verdict for that amount, upon which judgment was entered.

The judgment is claimed to be erroneous upon two

Morgan v. Woodruff.

grounds: first, that the agreement was to answer for the debt, default or miscarriage of another, and not being in writing was void by statute; second, that it was void upon grounds of public policy, being an agreement by a plaintiff's attorney upon a consideration paid to him personally by the defendant's bail to discontinue the action.

Neither of these grounds is tenable. It was an original and not a collateral undertaking, in which the consideration moved from the promisor, being a benefit or advantage derived by him, in being released as bail by the discontinuance of the action (*Mallory* v. *Gillett*, 21 N. Y. 413; *Duffy* v. *Wunsch*, 42 N. Y. 243; *Emerson* v. *Slater*, 22 How. [U. S.] 28).

There was nothing in the agreement making it void on account of public policy. The plaintiff had a claim for costs, for which he would have had a lien upon the judgment, if one had been recovered by the plaintiff, or for which the plaintiff would have been liable to him, if he had been defeated in the action. Before the agreement was entered into, his client had consented that the plaintiff might, if he could, get the case discontinued by consent, without costs to either party; and this is substantially what the plaintiff did. His client was released by the discontinuance from the payment of any costs to the defendant, and with respect to his liability to the plaintiff for costs, that liability was diminished to the extent of $1,000. The agreement, therefore, entered into with the bail, instead of being adverse to the client's interests, was beneficial to him, and was in accordance with what the client had previously expressed himself willing to do (*Rowe* v. *Stevens*, 53 N. Y. 621).

The judgment should be affirmed.

BEACH, J., concurred.

Judgment affirmed.