By the Court.—Freedman, J.
—The complaint was dismissed exclusively upon the ground that plaintiff’s counsel, in opening the case to the jury, admitted that the promise of the defendant alleged in the complaint and constituting the foundation of the cause of action, was not in writing, the trial judge thereupon holding that it came within the provisions of the statute of frauds as being a promise to answer for the debt of another. This therefore, constitutes the only question to be reviewed. Upon the facts set forth in the complaint no question, as to the sufficiency of the consideration for the defendant’s promise is presented ; but the question is, whether, beside a good consideration, a writing was also necessary. The consideration and the writing are distinct and independent requisites to the validity of a promise within the statute, but really no question arises under the statute, until it is conceded or determined that there is a sufficient consideration. The sufficiency of the consideration is to be determined by the ordinary rules ; but the necessity of a writing by the motive or object of the promisor, that is, whether the leading object of the promisor in making the promise was to subserve, or promote some interest or purpose of his own, or whether it was his direct and leading object to become the surety or guarantor of the-debtor. For the purpose of determining the question involved, it must, be presumed *423 that the plaintiff would, if he had been allowed, proven the allegations of his complaint, and hence they must be taken as true. The material facts may therefore be stated to be as follows:
That on or about August 16, 1880, the plaintiff held two promissory notes duly made by the firm of Wheatcrof t & Rintoul to his order, of which the first had about two weeks’, and the second about six or seven weeks’ to run yet; and that at the same time the defendant was also a creditor of said firm to a considerable sum; that at the request of defendant, and for the purpose of preventing an injury to defendant’s interests as such creditor, looking to the property of said Wheatcroft & Rintoul to collect his claim, plaintiff, on or about August 16, 1880, agreed with defendant, and promised him not to institute any legal proceedings for the collection of either of said notes before July, 1881 ; that in consideration of such agreement and promise on plaintiff’s part not to institute legal proceedings, and in order to secure protection to his said defendant’s interests as such creditor as aforesaid, defendant on or about said August 16, 1880, undertook and agreed with, and promised to plaintiff that he, defendant, would pay plaintiff the amount of said two notes before said July, 1881 ; that plaintiff kept and observed his said agreement and promise not to institute legal proceedings, and plaintiff did not before said July 1, 1881, nor before this action, institute any legal proceedings to collect either of said notes ; that defendant did not keep and has not kept his said promise and agreement to pay said notes; and that neither of said notes has been paid, etc.
From these facts, it appears that defendant’s promise was not made for the benefit of the firm, nor in aid of their original contract, but for defendant’s own benefit as a creditor ; that not merely the leading, but the sole object of the defendant in making the promise, was to' promote and subserve an interest and purpose of his own ; and that the consideration, viz : plain tiff’s forbearance, went directly to him, though the firm indirectly may also have had the *424 benefit of it. The circumstances, therefore, bring the case-at'bar directly within the third class of cases enumerated, in Leonard v. Vredenburgh (8 Johns. 28), viz: where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm running between the newly contracting parties ; also within the-class of cases conceded by Comstock, Ch. J., in Mallory v. Gillett (21 N. Y. 412), to form an exception to the rule that the promise to pay the antecedent debt of another must be in writing ; and finally within the rule as re-stated by the court of appeals in Prime v. Koehler (77 N. Y. 91). In all these cases the promise, though in form a promise to-pay the debt of another, was treated as original, and- not collateral,-and for that reason it was-held that the statute of frauds did not apply.
The cases cited by the respondent do not sustain the-judgment. In Roe v. Barker (82 N. Y. 431), there was no-absolute promise to pay. In Pfeiffer v. Adler (37 N. Y. 164), the consideration wholly failed. In Duffy v. Wunsch (42 N. Y. 243), the consideration did not enure to the promisor. Brown v. Weber (38 N. Y. 187), holds that where the promise' creates suretyship, it must be in writing. Smith v. Ives (15 Wend. 182), and Watson v. Randall (20 Wend. 201), are two out of many cases which simply hold that forbearance to sue as a consideration enuring to the-principal debtor alone, is not sufficient to take the case out of the statute.
The judgment' should be reversed, and a new trial ordered with costs to abide the event.
Sedgwick, Ch. J., and O’Gorman, J., concurred.