WILLIAM J. REILLY, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

In an action brought to recover an amount claimed by plaintiff to be due him for work done and materials furnished under a contract to regulate and grade a street in the city of New York, the defendant averred in its answer that, upon the estimated quantities of the work to be done, plaintiff was the lowest bidder, but that by reason of "the inadvertence, ignorance, carelessness or error of the surveyor" an error arose whereby the contract, as awarded to plaintiff, required a payment of nearly twice the actual value of the work; that plaintiff, prior to making his bid, knew that the estimate misstated certain items and in bad faith, and with intent to profit by the ignorance of the surveyor, made an unbalanced bid. There was no allegation or proof of a fraudulent collusion between plaintiff and the officers

of the corporation.    The city surveyor testified on the trial that he made his estimates from surface indications and as correctly as he could, but that the nature of the locality was such that any estimate in advance was unreliable.    *Held,* that no fraud was established on the part of plaintiff and he was entitled to recover; that he had a right to the benefit of his own knowledge honestly acquired, so long as he did nothing to mislead or deceive the city; that it having invited bids upon the basis of the estimates made, and awarded the contract to one who was the lowest bidder, tested by the proposals, it could not hold the contractor to a performance and then annul the contract because the actual result so varies from the estimates as to make the accepted bid higher than the others; that the lowest bidder under the estimates is the lowest bidder under the law and he does not lose his right because the estimates are erroneous; that having complied with the law and entered into the contract the city could not urge against him its own ignorance or error.
The validity of such a contract with the city does not depend upon the accuracy of the officer charged with the duty of making the estimates, but upon an honest effort on his part to be accurate.
*In re Anderson* (109 N. Y. 554) distinguished
*Reilly* v. *Mayor, etc.* (22 J. & S. 463) reversed.


(Argued October 25, 1888; decided November 27, 1888.)


APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 23, 1887, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.    (Reported below, 22 J. & S. 463.)

This action was brought to recover a sum claimed to be due as the final payment under a contract between the defendant and plaintiff, for furnishing the materials and doing the work of regulating and grading One Hundred and Eighty-fifth street, in the city of New York.    It was not questioned but that, pursuant to an ordinance authorizing it, the work was advertised for in the usual form by the department of public works, and the usual proposals to bidders issued containing estimated quantities of each item of the work.    Plaintiff's bid, tested by the estimates, was the lowest, and the contract was awarded to, and was entered into by him; he performed it, and it was accepted by the commission.

The answer conceded that, taking the estimated quantities,

plaintiff's bid was the lowest, but alleged, in substance, that. he was not, in fact, the lowest bidder, and that the prices fixed by the contract for certain portions of the work were much above the fair and reasonable value of the work. The answer also contained the following averments :

"That by reason of the inadvertence, ignorance, careless-ness or error of the surveyor employed upon said work, it was estimated that the quantity of earth excavation to be done thereon was much less than the actual quantity of such exca-vation which was to be done, while the quantity of rock exca-vation estimated by him was much more than the actual amount of rock excavation which was to be done.

"The defendants, at the time of the bidding upon said work and the execution of the said contract, were entirely ignorant that the quantities of earth excavation and rock excavation were so misstated in said estimate, and in good faith did believe them to be correctly stated.

"That the plaintiff, prior to making proposals for said con-tract, well knew that said estimate contained such a mis-statement of said items, and thereupon, in bad faith and with the intent to profit by the ignorance of the defendant, and the misstatements of the surveyor employed on this behalf, in his proposal offered to perform the work of earth excava-tion at an exorbitant price, over four times the actual value thereof, and the rock excavation at a merely nominal price ; and by thus practising upon and taking advantage of the said ignor-ance and misinformation of the defendant, the plaintiff procured the award to him of said alleged contract at prices which, upon the actual amount of work done, required the payment of an aggregate sum of nearly twice the actual value of said work.

"The defendants, therefore, charge and aver that the said alleged contract is fraudulent and void."

It appeared that the estimates differed materially from the actual work done, and that, at the prices bid, if the actual quantities had been correctly stated in the estimates, plaintiff's. bid would have been the highest instead of the lowest. Further facts appear in the opinion.

*Wallace Macfarlane* for appellant. If the system by which the city states estimated quantities in its proposals and invites bids thereon be legal, it cannot be permitted to set up against a person contracting with it, on its own invitation, strictly in accordance with that system, errors in the estimates to avoid its obligation to pay. Such errors are, at most, only evidence on the question of fraudulent collusion. (*Moore* v. *Mayor, etc.,* 73 N. Y. 238; *Curnen* v. *Mayor, etc.,* 79 id. 511; *Appleby* v. *Mayor, etc.,* 15 How. Pr. 428.) If the defendant's surveyor made a *bona fide* effort to state, as nearly as possible, the quantities of the earth and rock to be excavated, there is no ground for alleging fraud. (*In re Anderson,* 109 N. Y. 554, 558, 559.) The defense alleged in the answer that plaintiff's contract is fraudulent: First, because he knew the estimates were erroneous; and, second, because, with such knowledge, he practiced on defendant's ignorance, is wholly untenable. (*Sherman* v. *Mayor, etc.,* 1 N. Y. 316; *Devlin* v. *Mayor, etc.,* 4 Duer, 337.) To authorize the setting aside of a contract made by a municipal officer, on its behalf, on the ground of fraud, the fraud must be clearly proved. (*Baird* v. *Mayor, etc.,* 96 N. Y. 56.)

*D. J. Dean* for respondent. The contract with the plaintiff was invalid, because he was not, in point of fact, the lowest bidder for the work which was actually done. (*Brady* v. *Mayor, etc.,* 20 N. Y. 312, 318; *Appleby* v. *Mayor, etc.,* 15 How. Pr. 428; *McSpeddon* v. *Stout,* 4 Abb. Pr. 23; *In re Mahan,* 20 Hun, 301; 81 N. Y. 621; *In re Merriam,* 84 id. 596; *Bigler* v. *Mayor, etc.,* 5 Abb. N. C. 51; *Smith* v. *Mayor, etc.,* 10 N. Y. 504.) This court has already adjudged such a contract to be invalid. (*In re Anderson,* 109 N. Y. 554.) It was not needful, however, for us to find that there was actual fraud, but sufficient that all the facts of the case were such as justified an inference of fraud. (*In re P. E. P. School,* 75 N. Y. 324; *Brady* v. *Mayor, etc.,* 20 id. 312.) In an action upon the assessment by a person assessed, the court will sustain the contention that the contract in question

is invalid, by reason of the failure of the contracting officers to obey the law, which requires them to ascertain the amount of the work to be done as nearly as may be, and procure proposals for the actual work to be done and contract with the lowest bidder therefor, and the contract must, in like manner, be held invalid, when it is made the basis of an action against the corporation. (Dillon on Mun. Corp. §§ 371, 373; *Hodges* v. *Buffalo*, 2 Denio, 110; *Supervisors* v. *Bates*, 17 N. Y 242; *Delafield* v. *Illinois*, 2 Hill, 159, 173; *Bonesteel* v. *Mayor, etc.*, 22 N. Y. 162; *Albany* v. *Cunliffe*, 2 id. 165; *Halstead* v. *Mayor, etc.*, 3 id. 450; *Cornell* v. *Guilford*, 1 Denio, 510.)

FINCH, J.   The doctrine established in *Matter of Anderson* (109 N. Y. 554) does not control the present case.   The controversy there was between the city, seeking to enforce an assessment, and the land-owner resisting.   The latter succeeded upon the mixed ground of corporate negligence and fraud in the letting of the contract.   It appeared that no effort of any kind had been made on behalf of the city to ascertain the extent of the work; and, beyond the computation of areas, the amounts of earth and rock to be severally excavated were fixed by a mere guess, without effort of any kind to obey the statutory requirement that the quantities should be ascertained as nearly as possible.   Coupled with this total neglect on the part of the city was an unbalanced bid, and the two facts together, considered in the light of the result, justified an inference of fraud and collusion between contractor and surveyor which made a case of substantial error.

But here the question is between the city and its own contractor, and without any allegation or proof of a fraudulent collusion between the latter and the corporate agents or officials.   On the contrary, the error in the estimates is explicitly alleged to have arisen from "the inadvertence, ignorance, carelessness or error of the surveyor," and is not charged to have been a fraudulent act on his part, or the

result of collusion with the contractor. The surveyor testifies that he made his estimate from the surface indications, and as correctly as he could; that what he supposed to be rock turned out to be boulders; and that the formation in the locality of the work is so irregular as to make any estimate in advance unreliable. It does not appear that the contractor influenced that estimate, or knew anything about it when it was made; and the only allegation as to him is that he knew the estimate to be erroneous, and, relying on his own judgment, made an unbalanced bid which gave him the contract as the lowest bidder, while the result of the work showed that he was not such. That state of facts fails to establish a fraud; for, the innocence of the surveyor being conceded, and the absence of any collusion between him and the contractor — which in the *Anderson* case was a possible and reasonable inference — the charge of fraud rests only on the fact that the contractor had a more accurate knowledge of quantities than the surveyor, and "in bad faith" made his bid. Calling names does not alter facts. The contractor had a right to the benefit of his own knowledge honestly acquired, so long as he did nothing to mislead or deceive the city, and there was no bad faith either in the acquisition of his knowledge, or the use of it in guiding his bid. On the contrary, the terms of the contract warned him that the estimates might not be correct, and left him to judge in that respect and at his own peril in making his bid.

Dismissing, therefore, any defense founded on fraud, or dependent upon the total absence of an effort to ascertain quantities as near as possible, the contention remaining is that the plaintiff was not, in fact, the lowest bidder as demonstrated by the results. The doctrine involved in that theory is that the city, having through its surveyor made an estimate founded upon a surface examination of the locality, and being contented with it, may invite bids upon that basis for the actual work to be done, award the contract to one who is the lowest bidder tested by the proposals, hold him to the contract and require of him its performance, and when it has

been completed, annul it because the actual so varys from the estimated result as to make his bid, in fact, higher than others which had seemed to be above his own. We cannot approve that doctrine. Its injustice is very great. Under the law the bids are to be made and the contracts awarded upon estimates of the work to be done, and he who is the lowest bidder upon those estimates is the lowest bidder under the law, and does not lose his right because the estimates are erroneous. He may lose it through fraud, but if guilty of none, the city cannot urge against him its own ignorance or error. The landowner resisting an assessment might justly complain of the city's neglect or carelessness, but the latter cannot plead its own fault when it has complied with the laws requiring estimates to be made, or declare the contract illegal which it made with full knowledge of the facts.

I think the rule is stated fully in accordance with this view in the *Anderson case.* It is there said, in substance, that where the quantities advertised are mere random guesses, without any basis whatever to rest upon, the statute requirement is in no sense obeyed; but " the case would be different if a *bona fide* effort had been made to comply with the ordinance, and there had been a mistake or error as to the quantities of different kinds of materials to be excavated." The rule thus stated does not make the validity of the contract depend upon the result of the work. It does require an effort in good faith to ascertain the quantities. That effort in this case was made. Not its good faith but only its accuracy is assailed. The statute and the ordinance are silent as to the precise mode of arriving at the estimate. Neither require borings to be made or other expensive tests, although in many cases they might be wise precautions. It is enough if the proper officer charged with performance of the duty executes it honestly, makes such examination as in the specified locality he, in good faith, deems sufficient for the purpose, and frames the proposals accordingly. The validity of the contract does not depend upon his accuracy, but upon an honest effort to be accurate.

For these reasons the judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, RUGER, Ch. J., and GRAY, J., in result.

Judgment reversed.