JANE S. AVERY, RESPONDENT, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, APPELLANT.

*Insurance policy—proper construction of, when determined by a preliminary paper.*

In an action, brought to recover under a policy of insurance issued on the tontine savings fund plan, the complaint alleged that a contract of insurance on the tontine plan had been entered into, by which it was agreed by the insurance company that at the end of the tontine period the holder of the policy would be entitled to receive $7,170 in cash, if he desired to withdraw, on receipt of the cash value; that the terms of the contract were contained in a paper which was preliminary to the policy, but which was referred to and treated by the parties as containing the true construction of the conditions contained in the policy itself.

*Held,* that, under such complaint, the plaintiff was entitled to reform the policy so as to make it conform to the real contract, and to recover upon the policy as thus reformed.

That the objection that the contract, as set forth in the complaint, would be subversive of the tontine plan, was not applicable to the pleading, although it might be pertinent upon the question as to whether the insurance company ever made such a contract as was alleged in the complaint.

APPEAL by the defendant from an interlocutory judgment, rendered at the Kings County Special Term, and entered in the office of the clerk of the county of Kings on the 29th day of December, 1888, which overruled the demurrer of the defendant to the complaint.

The complaint, among other things, alleged that theretofore, and about the month of March, 1873, the defendant solicited one Irving M. Avery, the husband of this plaintiff, to insure his life in the defendant company, and to take out a policy known as the tontine savings fund policy; that said Irving M. Avery thereafter contracted with the defendant to take out and receive such a policy, and the defendant thereupon agreed to deliver to said Irving M. Avery such a policy upon the following terms: " In consideration of the payment to the defendant of a premium of three hundred and thirteen dollars per year, the life of said Irving M. Avery to be insured, for the sole use of this plaintiff, in the sum of ten thousand dollars, for the term of his natural life, said sum to be paid if death should occur prior to the expiration of said fifteen years; that if said Irving M. Avery should live to the end of the fifteen years aforesaid, she should have three privileges, any one of which she might elect, among which privileges was the following: To withdraw in cash, at the end of fifteen years, if said Irving M. Avery should then be alive, seven thousand one hundred and seventy dollars." That thereafter defendant gave to said Irving M. Avery a memorandum, a copy of which is hereto annexed, marked Exhibit " A," and made a part of this complaint, and stated and represented and agreed with said Irving M. Avery that the options and sums therein mentioned in paragraphs first, second and third thereof were the privileges and sums which she should receive, whereupon said Irving M. Avery agreed to take out and receive said policy according to said terms; that thereafter, and on or about the 28th day of March, 1873, the defendant tendered to said Irving M. Avery a contract or policy of insurance, a copy of which is hereto annexed, marked Exhibit " B," and made a part of this complaint; that prior to the payment of the first premium thereunder, and before accepting said policy, said Irving M. Avery again asked in reference to the interpretation and meaning thereof, and whether the plaintiff would receive the amounts theretofore agreed upon and mentioned

in paragraphs first, second and third of Exhibit "A," and especially whether she would receive, at the end of fifteen years, if said Irving M. Avery should then be alive, if she should so elect, the cash sum of $7,170, and the defendant, by its then acting president, George W. Phillips, referring to said paragraphs first, second and third of said memorandum, Exhibit "A," represented, agreed and stated that such was the contract, and that plaintiff should and would receive the sums, privileges and amounts in said paragraphs stated; whereupon said Irving M. Avery, in reliance upon said representations, statements and said contract as so interpreted, paid the first premium of $162.80 and received and accepted said policy, and thereafter continuously paid semi-annual premiums of $162.80 for a period of fifteen years.   *   *   *

Plaintiff demanded judgment against the defendant. That the said contract or policy, Exhibit "B," be reformed, as to paragraph fifth of the special agreement and conditions in said policy contained, by incorporating therein, to wit, in folio 11 of said exhibit "B," in the first option, as the amount to be withdrawn in cash, the sum of $7,170; and that plaintiff have judgment against the defendant for the sum of $2,093.20, with interest thereon from the 6th day of January, 1888, together with the costs of this action.

## EXHIBIT "A."

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED
STATES — TONTINE SAVINGS FUND POLICY.

### *Estimated Results:*

Amount, $10,000.   Age, 40.   Premium, $313.   Years, 15.

| | | |
|---|---:|---:|
| Total premiums paid in 15 years | $4,695 00 | |
| Reserve on policy | 2,515 00 | |
| Accumulated dividends | 4,655 00 | 99% |
| Total cash value | 7,170 00 | 153% |
| Paid-up policy | 10,000 00 | |
| Dividend after 15 years | 108 00 | |
| Net income | 225 00 | |

You pay $313 annually for fifteen years, and if death occurs prior to that period your heirs will receive $10,000. If, however,

you live to the end of the fifteen years you will have three privileges, any of which you may elect:

*First.* Withdraw, in cash, your accumulated dividends, $4,655, which is ninety-nine per cent of the premium paid, and continue your policy in force for $10,000, by paying the same premium, $313, less an annual cash dividend of $108, which dividend will increase yearly.

*Second.* Terminate your insurance by withdrawing the total cash value of your policy, $7,170, which is the amount of the reserve and accumulated dividends added together, being equivalent to returning you in cash $15,300 for every $10,000 paid, after having insured you for fifteen years for $10,000.

*Third.* Take a paid-up policy, payable at death for $10,000, upon which no further premiums will be required, but, on the contrary, you will receive an annual cash income, commencing with $225 and increasing as long as you live.

GEO. T. G. WHITE,

*General Agent,* 120 *Broadway.*

The fifth special agreement and condition relative to the policy was as follows:

*Fifth.* That upon the completion of the tontine dividend period of the 30th December, 1887, provided this policy shall not have been terminated previously by lapse or death, the legal holders of this policy shall have the following option: First, to withdraw in cash this policy's entire share of the assets, whether in the reserve fund proper or in the accumulated surplus; secondly, to convert the same into a paid-up policy for an equivalent amount, provided always that if the amount of said paid-up policy shall exceed the original amount of the assurance, a certificate of good health from one of the society's medical examiners shall be required; or, thirdly, to continue the assurance for the original amount derived from such annuity, together with dividends on this policy shall exceed the amount of premiums due thereon, the excess shall be paid in cash to said Irving M. Avery.

*Charles B. Alexander,* for the appellant.

*Phillips & Avery,* for the respondent.

BARNARD, P. J.:

In March, 1873, Irving M. Avery procured a policy on his life for $10,000. The policy was issued on the tontine savings fund plan, and was issued for the benefit of plaintiff if living at his death, and if not living, then to his children. The end of the tontine period was fifteen years. At the end of the fifteen years, if Irving M. Avery was alive, it was the right of the holder of the policy to withdraw the entire share of the assets, whether in the reserve fund proper or in the accumulated assets. Irving M. Avery survived the prescribed period, and the plaintiff's husband, who then held the policy, elected to withdraw the entire cash assets according to the fifth condition of the policy which is annexed to the complaint. The company paid him $5,076.80. He demanded $7,170, which was refused. The basis for this demand was that the real contract between the parties called for the payment of this sum of $7,170. The assured assigned the policy to the plaintiff and she brings this action. The question arises upon demurrer. The plaintiff seeks to reform the policy under which she has no claim, and to make it conform to the real contract and to recover upon the reformed contract. The action is proper. A contract may be reformed and enforced as reformed in the same action. (*Maher* v. *Hibernia Ins. Co.*, 67 N. Y., 283 ; *Van Tuyl* v. *Westchester Ins. Co.*, 55 id., 657.) The contract is not conclusive, as written, under the rule that the real contract is considered to be finally expressed in the writing. (*Hoag* v. *Owen*, 57 N. Y., 644 ; *Bogardus* v. *N. Y. Life Ins. Co.*, 101 id., 328.)

The complaint is sufficient. It avers a contract of insurance on the tontine plan, and that at the end of the tontine period the holder of the policy would be entitled to receive $7,170 in cash if he desired to withdraw on the receipt of the cash value. That the terms of the contract were contained in a paper which was preliminary to the policy, but which was referred to and treated as the true construction of the conditions contained in the policy itself. That the policy does not express the contract. This brings the case within the rule stated in *Jackson* v. *Andrews* (59 N. Y., 244). (*Whittemore* v. *Farrington*, 76 N. Y., 452.)

The objection urged against the pleading that a contract, such as is set forth therein, would be subversive of the tontine plan, is not

applicable to a pleading. It may have much force upon the trial whether the defendant really made such a contract as is alleged in the pleading. There is nothing in the policy to indicate that it does not call for the amount claimed in the complaint, as the cash value at the end of the period, if that sum was fixed by the preliminary agreement. The plaintiff is not barred of her action because she accepted the sum paid to her by defendant on account of the amount due. (*Steinbach* v. *Relief Fire Ins. Co.*, 77 N. Y., 498.) A plaintiff had sued upon a contract as it was, and this was held to bar a new action to reform the contract. The doctrine of *res adjudicata* applied to such a case because the same evidence would support both actions.

The pleading seems, therefore, to be sufficient, and the order and judgment should be affirmed, with costs.

PRATT, J., concurred.

Order overruling defendant's demurrer and judgment thereon affirmed, with costs.