THE BARBER ASPHALT PAVING COMPANY, Respondent, *v.*
JAMES BRAND *et al.*, Appellants.

*Supreme Court, First Department, General Term, December 2, 1889.*

1. *Contract. Public policy.*—A contract not to sell asphalt for the purpose
   of paving streets .except to certain persons for use in their respective
   cities, is not void as tending to enhance the price of asphalt pave-
   ments or to create a monopoly.
2. *Same. Parties.*—A contract made and signed by a party, though' re-
   ferring to himself therein as representing a corporation, is the individ-
   ual contract of such party, and the corporation or the persons who con-
   stitute it need not be made parties to an action on such contract.
3. *Pleading. Demurrer.*—A demurrer to a complaint admits all the
   material facts alleged therein.
4. *Same. Complaint.*—The facts alleged were held sufficient to constitute a
   cause of action for breach of contract.

Appeal by Brand and Taylor from an interlocutory
judgment overruling their separate demurrers to the com-
plaint.

*Paul Fuller*, for appellant Brand; *W. H. Shepard*, for
appellant Taylor.

*W. W. Niles*, for respondent.

BARRETT, J.—Brand's demurrer is solely upon the ground
that the complaint does not state facts sufficient to constitute
a cause of action as against him. This complaint sets forth a
contract between Brand and one Barber, whereby, for a good
consideration, Brand covenanted " not to sell asphalt to be
used in the laying of sheet asphalt street pavements or in
making asphalt blocks," except to certain persons in Phila-
delphia, Baltimore, Washington and Brooklyn, for use in
their respective cities. All rights acquired under this con-

tract were subsequently assigned to the plaintiff, who now charges a violation of his covenant by Brand acting in collusion with Taylor and the Vulcanite Company.    Transfers from Brand to Taylor, and from Taylor to the Vulcanite Company, are set forth; and it is averred that such transfers, with accompanying agreements for the purchase and use of asphalt, were made without any condition or provision that such asphalt should not be used for street paving. It is further averred that, under these transfers and agreements, the Vulcanite Company. has already purchased asphalt and used it in laying down sheet asphalt street pavements of substantially the same kind as those which the plaintiff is engaged in laying, and that Brand has notified the plaintiff that he was about to furnish asphalt to the Vulcanite Company for such purposes.    The main ground of the demurrer seems to be that Brand notified the Vulcanite Company of his covenant with Barber, and that that company purchased "subject thereto."    I am unable to see what answer this is to the charge that Brand has violated his covenant and proposes to continue such violation.    The statement in the complaint that the Vulcanite Company, " bought subject " to the contract between Brand and Barber, is simply the pleader's conclusion as to the legal effect of the facts.    Those facts are that the transfers and agreements under which the Vulcanite Company is proceeding contain no condition or provision corresponding to that embodied in the agreement between Brand and Barber.

The company, however, had notice of the condition contained in the latter agreement; and the effect of that notice in the pleader's estimation is that the company, notwithstanding the absence of a similar covenant or condition in its agreement, took subject to the original covenant.    Brand, in effect, says to the company: " I am bound, but I will sell asphalt to you in violation of my agreement; asphalt which you are to use for the very purposes debarred to me; now if you are stop pedfrom so using it, remember I showed you

my covenant, and you must not have recourse to me." To say that under such circumstances there is no cause of action against Brand amounts to the contention that a conspiracy to evade one's bargain cannot be checked if the conspirators are perfectly frank with each other. There is not a word in the complaint indicating that either Brand's or Taylor's transfers or agreements *contained any provision* to the effect that they were subject to the original covenant with Barber. On the contrary, the plain effect and meaning of the statements made is that nothing of the kind was embodied in these instruments, that they were entirely without limitation, that their objects and purposes were to evade Brand's covenant, a covenant which was well known to all parties, that such objects and purposes have been acted upon and partly effected through the instrumentality of the Vulcanite Company, a corporation organized by Brand and Taylor to effect their ends, and that it is proposed in defiance of the original covenant to proceed with the sale of asphalt, and to use that substance in the laying of pavements of substantially the same character as those laid by the plaintiffs.

Taylor's demurrer raises other questions. It is claimed that there is a defect of parties because Barber, in the contract with Brand, refers to himself as "representing The Trinidad Asphalt Pool." On this it is contended that the pool, or the persons who constitute it, should have been made parties. The answer is that the contract was Barber's individually. He entered into it in his own name, and so signed it.

Having taken that position, it is immaterial who he represented. Having assigned all his right, title and interest in the contract to the plaintiff, that company, so far as these defendants are concerned, became fully vested.

But even if the pool were treated as the principal, it is fairly to be implied, from the language of the complaint, that the plaintiff, Barber himself, James Archibald and J. Joseph Albright, constituted such pool. It follows, in view

of the averment that Barber, Archibald and Albright subsequently assigned to the plaintiff all their right, title and interest in the contract, that the plaintiff is vested with the pool's interest.

The other points made by counsel for Taylor do not require extended consideration. However it may turn out upon the trial when all the facts are developed, it is quite clear that the complaint, standing alone, is not amenable to the criticism that the contract sought to be enforced is void, as tending to enhance the price of asphalt pavements or to create a monopoly. The complaint, on its face, is perfectly good under the cases of Diamond Match Co. v. Roeber, 106 N. Y. 484; and Leslie v. Lorillard, 110 N. Y. 533. Upon demurrer all the facts alleged, tending to show that the purpose of the contract was lawful, are admitted; and these facts fully support the complaint on this head. The case of Diamond Match Company v. Roeber is also an authority in support of the assignability of the contract, and the propriety of enforcing it in equity.

The interlocutory judgments should be affirmed, with costs against each of the parties demurring.

VAN BRUNT, P. J., and DANIELS, J., concur.

---

### NOTE ON " CONTRACTS AGAINST PUBLIC POLICY."

As to when the court should not declare a contract void on the ground of public policy. Ives v. Smith, 19 N. Y. St. Rep. 556.

The interstate commerce act does not invalidate a contract between two rival corporations limiting the territory in which each should build his branch lines. Id.

Marriage brokerage contracts are void. Duval v. Wellman, 124 N. Y. 156.

The courts will aid a party who has patronized marriage brokers, and grant restitution of any money paid or property transferred to them. Id.

Agreements between two or more persons that all but one shall refrain from bidding and that one shall become the purchaser, was held, in this case, to be valid. Hopkins v. Ensign. 122 N. Y. 144.

Contracts between citizens of states in rebellion, made during the war,

but not in aid of rebellion, are not invalid.    Macauley *v.* Palmer, 125 N. Y. 742; aff'g 53 Hun, 635.

A contract which contemplates the use of personal influence or solicitation with public officers to procure a contract, is void.    Wilbur *v.* N. Y. E. C. Co., 58 Super. 539.

A by-law of the Associated Press, an unincorporated association, providing, in effect, that no paper, receiving news from the Associated Press, should enter into any agreement with, or to take news from, any rival telegraphic news agency, is not a violation of the constitution, or so offensive to any public interest as to entitle a person, not a party to the agreement under which the by-law was made, to have its enforcement prevented.    Dunlaps' Cable News Co. *v.* Stone, 27 Abb. N. C. 28.

A contract not to sell asphalt for the purpose of paving streets except to certain persons for use in their respective cities is not void as tending to enhance the price of asphalt pavement or to create a monopoly.    Barber Asph. P. Co. *v.* Brand, 55 Hun, 606.

A party who, by unlawful confederation with municipal officers, secures through unbalanced bids a contract for municipal supplies, cannot recover either upon the contract or for the value of the articles furnished.    Nelson *v.* Mayor, etc., 53 Hun, 639.

It is no defense to a contractor's action against a city for the work embraced in a contract for local improvements, that his bid was an unbalanced one and that the estimate was inaccurate owing to the inadvertence, ignorance, carelessness or error of the surveyor of the city, where no fraud or collusion on the part of the latter is charged.    Reilly *v.* Mayor, etc., 111 N. Y. 473.    Nor is it any defense that the plaintiff's bid, owing to the inaccuracy of the estimate, was not in fact the lowest one proposed.    Id.

An action for an accounting under an agreement, whereby the defendants, as brokers, were to receive a commission on all purchases and sales made by them for the plaintiff, and the profits and losses were to be paid by the associates whom the plaintiff represents in the action, is not maintainable, where the object of the agreement is illegal, viz. : to create a " corner " in lard.    Leonard *v.* Poole, 55 Supr. 213.

An agreement between husband and wife to live separate and apart from each other is contrary to public policy.    Friedman *v.* Bierman, 43 Hun, 387. A contract which rests in part upon such consideration is void and cannot be enforced.    Id.

An agreement that a director should control the action of the board of directors of the corporation in such manner as the other party thereto should require is against public policy and cannot be enforced.    Kountze *v.* Flannigan, 64 Hun, 635.    A director has no right to sell his influence in the management of the company, or to enter into any agreement by which his official action will be influenced or controlled.    Id.    Bliss *v.* Matteson, 45 N. Y. 22; Duncomb *v.* N. Y., etc., R. R. Co., 84 Id. 193; Hoyle *v.* R. R. Co., 54 Id. 315.    It does not affect the matter that the alleged agreement has been performed on the part of the other contracting party.    Id.    The performance by one party does not give him any right to claim or enforce per-

formance on the part of the other party, where the agreement is against public policy. Id.

See further on this subject, Goodman *v.* Cohen, 128 N. Y. 205; Morgan *v.* Woodruff, 12 Daly, 207; Bingham *v.* Maigne, 52 Supr. 90; Anderton *v.* Aronson, 3 How. N. S. 216; Munson *v.* Syracuse, etc., R. R. Co., 4 Cent. Rep. 191; McCarthy *v.* Bonynge, 12 Daly, 356; Hopkins *v.* Ensign, 122 N. Y. 144; Myers *v.* Dorman, 34 Hun, 115; Standard O. Co. *v.* Scofield, 16 Abb. N. C. 372; Diamond M. Co. *v.* Roeber, 35 Hun, 421; Fisher *v.* Bush, Id. 641.

## NOTE ON "ADMISSIONS ON DEMURRER."

The demurrer admits facts as alleged. Barber A. P. Co. *v.* Brand, 55 Hun, 606.

The conclusions of law, stated in the complaint, are not admitted by the demurrer. New York P. Ass'n *v.* McGrath, 23 N. Y. St. Rep. 209.

The demurrer does not admit the construction put upon statutes by the answer, nor the correctness of its inferences. Angell *v.* Van Schaick, 56 Hun, 247.

It does not concede the construction of an instrument, nor inferences and conclusions from facts. Avery *v.* E. L. A. Soc., 119 N. Y. 451; rev'g, 52 Hun, 392.

It admits both the written and the oral agreement, set up in the complaint, for the purposes of the trial of an issue of law. Vinal *v.* C. C. & I. Co., 52 Hun, 247.

The allegation of the meaning and purpose of a foreign statute is admitted by a demurrer. Savings Ass'n *v.* O'Brien, 51 Hun, 45.

All the allegations of the complaint, upon a demurrer, are to be taken as admitted. Phœnix Nat. Bank *v.* Cleveland Co., 58 Hun, 606. Such admission includes what can by reasonable intendment be implied therefrom. Id.

A demurrer to a complaint admits only such relevant facts as are well pleaded. Masterson *v.* Townshend, 123 N. Y. 458. It does not admit legal conclusions or interpretations of the plaintiff. Id.

All reasonable intendments will be indulged in in support of the pleadings to which a demurrer is interposed. Savage *v.* City of Buffalo, 59 Hun, 606.

A pleading on demurrer is deemed to allege what can reasonably be implied from the allegations. Beethoven P. O. Co. *v.* McEwen, 35 N. Y. St. Rep. 88. Facts impliedly averred are traversable as though directly averred. Id.

An allegation in a complaint that certain acts of the common council were illegal official acts, is a statement of a legal conclusion which is not admitted by the demurrer. Talcott *v.* City of Buffalo, 125 N. Y. 280.

A party, in interposing a demurrer, does not thereby admit the construc-

tion put upon a contract by the pleading demurred to, or the correctness of inferences drawn from the fact admitted, but only the truth of such facts as are properly stated. Bogardus *v.* N. Y. L. Ins. Co., 101 N. Y. 328; Bonnel *v.* Griswold, 68 Id. 294; Buffalo C. Inst. *v.* Bitter, 87 Id. 250.

A demurrer admits only such facts as are properly pleaded. Rauh *v.* Comm'rs, etc., 66 How. 368. It does not admit conclusions of law, or averments as to the meaning or contents of a paper set forth in the complaint, or annexed to and made a part thereof. Id.