WILLIAM BROWN, APPELLANT, *v.* JACOB WEBER, JR.,
RESPONDENT.

*Statute of Frauds—Principal and Surety—Contract—Entire performance.*

Under the provision of the Statute of Frauds, that every special promise to answer for the debt, default, or miscarriage of another person must be in writing, and be signed by the party to be charged thereby, the principal inquiry raised is, whether the party sought to be charged is the *principal* debtor; or whether he is liable only in case of the default of a third party—that is, whether he undertook as principal absolutely, or as surety only.

THE Defendant contracted, in writing, with one Horton, to build a saw-mill for him upon the Defendant's land—Horton furnishing the materials therefor, according to the specifications of the contract—and to pay him therefor, as in like manner specified. Horton framed and raised the building, and then contracted, in writing, with the Plaintiff to complete the same, Horton furnishing a portion of the materials therefor.

In addition to the above facts, the referee further found that the Plaintiff commenced work upon the mill under the contract between him and Horton. That after he had so commenced the Plaintiff became fearful that Horton was not responsible for the performance of his contract on his part with Plaintiff, which he communicated to the Defendant. That the Defendant, to induce the Plaintiff to go on and finish the mill according to the contract, did promise the Plaintiff that, if he would go on and finish the mill, according to the contract, he would see that the Plaintiff did not lose anything by it; also, that Defendant told the Plaintiff that he would see that Plaintiff got his pay, if Plaintiff finished the mill according to contract. That by the word " contract " the Defendant meant the contract between him and Horton.

The referee further found that the Plaintiff went on and finished the mill, according to the contract between Defendant and Horton, with certain exceptions, particularly specified. He further found that, during the progress of the work, the Defendant was often at

the mill, and expressed his approbation of the manner in which the work was being done. That after the Plaintiff quit work the Defendant used the mill for sawing; but he also found that this was under an agreement between Horton, Plaintiff, and Defendant, that this use should not be regarded as an acceptance of the mill. The referee also found that Horton agreed to pay Plaintiff two hundred dollars for performing the job, in a note of the Defendant, which he (Horton) was to procure of the Defendant for the Plaintiff.

The referee found that Defendant had boarded Plaintiff and his hands while at work on the job, at Plaintiff's request, and furnished a small amount of team work and cash for the Plaintiff.

The referee held, as a legal conclusion, that the promise of Defendant to the Plaintiff was within the Statute of Frauds, and that the Defendant was not liable to the Plaintiff thereon, and gave judgment in favor of the Defendant for the amount of his account against the Plaintiff, which was affirmed, upon appeal, by the Supreme Court; and the Plaintiff appealed therefrom to this Court.

*E. Countryman* for Appellant.

*J. E. Dewey* for Respondent.

GROVER, J.—Leaving the question arising upon the Statute of Frauds entirely out of view, I am unable to see how the Plaintiff can recover of the Defendant for the work done by the former in building the saw-mill. The promise by the Defendant to the Plaintiff was upon the performance by the latter of the contract of Horton to build the mill. The referee, so far from finding performance of this contract by the Plaintiff, has expressly found that he did not perform it, and has also found the particulars in which he failed so to do. It is impossible to say that all these specified particulars constitute no essential part of the contract, and may be regarded as so trifling that the law will disregard them. The referee has not so found, neither can this Court. Had the judgment of the referee been placed upon this ground, it could not have been disturbed. Performance by the Plaintiff

was plainly a condition precedent to his right to recover, and where this is the case, it is clear that no recovery can be had without performance in all essentials, or waiver of such performance by the other party. Neither the referee nor Court below proceeded upon this ground, but decided the case against the Plaintiff upon the ground that the Defendant's promise was within the Statute of Frauds, and therefore void.

A brief examination of this question will therefore be proper.

The question arises upon the second clause of section two of the act (N. Y. Statutes at Large, Vol. 2, 140). That clause declares " Every special promise to answer for the debt, default, or miscarriage of another person," void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith. The language of this clause is perfectly plain, and to one inexperienced it would not appear that any great number of difficult cases could arise depending upon its construction ; but an examination of the cases will show that there have been but few more prolific sources of litigation. The language shows that the test to be applied to every case is, whether the party sought to be charged is the principal debtor, primarily liable, or whether he is only liable in case of the default of a third person ; in other words, whether he is the debtor, or whether his relation to the creditor is that of surety to him for the performance, by some other person, of the obligation of the latter to the creditor. In the former case, the promise is not within the statute, because the party promising is not undertaking for the performance by another of some duty owing by the *other*, but for the performance of his own obligation ; but in the latter case, it is within the statute, because the liability is contingent upon whether another performs his obligation, for whose performance the party sought to be charged has undertaken. There has never been any dispute as to the above principles ; but the difficulty has been in determining to which class the cases that have been adjudged belonged.

The principal cases were very elaborately reviewed and classified in Mallory *v.* Gillett (21 N. Y. 412).

From these cases it appears that the Courts have endeavored to establish certain rules, by the application of which the case in judgment could be determined; but this has been attended with much embarrassment, arising from the almost infinite variety of cases that have arisen.   One test was the inquiry whether the promise was original or collateral.   This would be perfect if the term original is understood, in all cases, as applicable only to an absolute undertaking by the party promising to discharge an obligation of his own, not at all dependent upon performance or non-performance of anything by another.

The party is then himself the debtor, and must discharge the obligation, and it matters not whether some other is liable for the same thing or not.   The party promising is not discharged, although another may pay or perform, unless the other does it as his surety, or by his procurement.   But this test is liable to mislead, as is shown in the case of Mallory v. Gillett (supra), if the term original is understood in the sense of new.

Another test, relied upon in many cases, is, whether ·the consideration was new, not arising out of the existing obligation, and received by the party making the promise.   When this was the case, it was held that the case was not within the statute, and these facts are cited as the reasons why it is not.   In most cases these facts will show whether the party promising contracted an independent obligation of his own, or whether his position to the creditor was that of a surety.

The former case is not within the statute; the latter is.   As an illustration, suppose A delivers property to B, in consideration of his promise to become surety to him for the payment of a debt owing to him by C.   The case is within the statute, because B's obligation, although upon a consideration received by him, is that of surety only that C shall perform.

Again: suppose that B, in consideration that A will discharge C of a debt owing to A, promises A that he will thereafter pay the whole or any part of such debt, the case is not within the statute, for the reason that B has contracted an independent debt of his own, and is in no sense surety to A for the performance of

anything by C, although he personally received no consideration for his promise.

It will thus be seen that the receipt or non-receipt of the consideration by the party promising does not determine, in every case, whether it is within the statute or not, but that the inquiry still remains, whether he entered into an independent obligation of his own, or whether his responsibility was contingent upon the act of another. In the present case the argument of the Plaintiff's counsel is, and the dissenting opinion proceeds upon the ground, that, because the mill was built upon the land of the Defendant, and became his property when built, he received the consideration for the promise, and that therefore it is not within the statute. We have already seen that this does not determine the question.

It must be further ascertained whether the Defendant made a contract with the Plaintiff to complete the mill for him, and undertook to pay him therefor, or whether his promise really was that he would become surety that Horton should pay the Plaintiff for the work.

The referee has determined that it was the latter, and this consideration accords with all the facts of the case. It is true that it was competent for the Defendant, although he had made the contract with Horton, who had contracted with the Plaintiff to fulfil the contract, except certain materials to be provided by Horton, to make an independent contract with the Plaintiff for doing the same job, and to pay him therefor, and such contract would not come within the statute; but the difficulty with the Plaintiff's case is, that the referee has found no such contract; nor would the evidence warrant such a finding. It was said, in the able argument of the Plaintiff's counsel, that the Defendant's promise could not apply to the contract between the Plaintiff and Horton, for the reason that, by that contract, Horton was to find a portion of the materials, and the referee has found that the Defendant referred to and meant the contract between him and Horton, and that therefore the Plaintiff undertook the performance of a different contract from that made between him and Horton.

The answer to this position is, that Horton, as the work progressed, did find materials for the job, to some extent. This shows that the Plaintiff was at work upon the contract made by him with Horton, and not upon any new independent contract made by him with the Defendant.

The same thing appears from the fact that nothing whatever was said between the Plaintiff and Defendant as to the price to be paid by the Defendant to the Plaintiff.

This could not be determined by reference to the Defendant's contract with Horton, for the reason that that did not show what should be allowed to Horton for what he had done on the job. The counsel claims that the referee erred in giving judgment in favor of the Defendant for the board of Plaintiff and his hands, &c. These items were shown to constitute a demand against the Plaintiff, for which he was legally liable to the Defendant, and the Plaintiff failed to show any legal liability of the Defendant to him.

The referee was therefore correct in his conclusion.

The judgment of the referee was correct, upon the ground that Plaintiff failed to show an entire performance of the contract, and also that the promise of the Defendant was within the Statute of Frauds; and the judgment of the Supreme Court, affirming the same, must be affirmed.

All affirm.

<div style="text-align:right">

JOEL TIFFANY,<br>
State Reporter.