RAWSON, appellant, v. SPRINGSTEEN.

*Statute of frauds — promise to pay debt of another.*

T. employed defendant to construct a house, agreeing to furnish board for him
and his workmen and plaintiff contracted with T..to board them. After they
had commenced boarding with plaintiff he informed defendant that he was
not disposed to board them any longer on T.'s account. Defendant said
" he would see it paid; if T. did not pay it he would." *Held*, a promise to
pay the debt of another, within the statute of frauds.

APPEAL from a judgment rendered by the county court of Jeffer-
son county, reversing the judgment of a justice of the peace in
favor of plaintiff. The action was brought to recover for the board
of the defendant and a workman of his engaged in constructing a
house for one Tamblin.

Tamblin was to board the defendant and his hands, and sent them
to the plaintiff for board, having previously spoken to the plaintiff
on the subject. After defendant's hired man had boarded with him
some days, plaintiff informed him and also the defendant, a few days
afterward, that he would not board them any longer on account of
Tamblin, but should look to him for the board bill. To this the
defendant replied, as the plaintiff testified, and said : " Mr. Tamblin
had agreed to pay for the board, but if Tamblin did not pay it he
would himself." The hired man boarded about a week after that,
and the defendant eleven days.

The justice rendered judgment for the plaintiff for the price of
the board after this agreement, not including the board of the hired
man before that time. The defendant had not himself boarded with
the plaintiff before the making of such agreement. The plaintiff,
it appears, applied to Tamblin for payment of the board, and took
an order from him on one Watt which was not paid. Defendant
claimed that plaintiff should sue Tamblin, and promised to
pay for the board if the amount was not collected of him. Plaintiff
declined to sue Tamblin and commenced this action.

*H. J. Welch*, for appellant, cited, upon the question of liability of
defendant under the statute, *Chapin* v. *Merrill*, 4 Wend. 657; *Leonard*
v. *Vredenburgh*, 8 Johns. 29; *Mallory* v. *Gillett*, 21 N. Y. 417;
*Simpson* v. *Patten*, 4 Johns. 422; *Jackson* v. *Rayner*, 12 id. 291;

*Smith* v. *Ives,* 15 Wend. 182; *Packer* v. *Wilson,* id. 343; *Watson* v. *Randal,* 20 id. 201; *Barker* v. *Bucklin,* 2 Denio, 45; *Skelton* v. *Brewster,* 8 Johns. 376; *Gold* v. *Phillips,* 10 id. 412; *Gardiner* v. *Hopkins,* 5 Wend. 23; *Ellwood* v. *Monk,* id. 235; *King* v. *Despard,* id. 277; *Meech* v. *Smith,* 7 id. 315; *Brown* v. *Curtiss,* 2 N. Y. 225; *Johnson* v. *Gilbert,* 4 Hill, 178; *Cardell* v. *McNiel,* 21 N. Y. 336; *Quintard* v. *De Wolf,* 34 Barb. 97.

*H. S. Gipson,* for respondent, cited, as to the validity of the promise of defendant under the statute, *Simpson* v. *Patten,* 4 Johns. 422; *Jackson* v. *Rayner,* 12 id. 290; *Mallory* v. *Gillett,* 21 N. Y. 414; Throop on Verb. Agreem. 84, and § 613, etc.; also, § 197, etc., § 216, etc.; 3 R. S. (5th ed.) 221; *Brown* v. *Weber,* 38 N. Y. 187; *Fullem* v. *Adams,* 37 Vt. 391; *Kingsley* v. *Balcome,* 4 Barb. 138; *Maule* v. *Bucknell,* 50 Penn. St. 39; *Barker* v. *Bucklin,* 2 Denio, 69; *Allen* v. *Scarff,* 1 Hilt. 209; *Payne* v. *Baldwin,* 14 Barb. 571; *Robinson* v. *Dilman,* 43 N. H. 485; *Sinclair* v. *Richardson,* 12 Vt. 33; *Hill* v. *Raymond,* 85 Mass. 540; *Brady* v. *Sackrider,* 1 Sandf. 514; *Brown* v. *Bradshaw,* 1 Duer, 199.

E. DARWIN SMITH, J. The defendant was at work for Tamblin, and was to receive his board while engaged upon such work. The board was part of the price he was to receive for such work as much as the pecuniary consideration stipulated for in the contract. Confessedly the hired man of the defendant began to board with plaintiff upon the direction and account of said Tamblin. At the end of the first week, the plaintiff informed him that he could board him no longer on Tamblin's account. The defendant being notified of this fact came the next week to work himself, when the plaintiff testified, "that he told him he was not disposed to board him or his hired man on Tamblin's account, and let it run along as some of his board bills had." Defendant then said, "he would see it paid; if Tamblin did not pay it he would."

This is the plaintiff's own testimony as to the terms of the contract of the defendant. The agreement had a good consideration, and would have been a good contract at common law, but it was obviously one of that class of contracts that must be in writing under the statute of frauds. It was clearly a collateral engagement; the defendant agreed to pay "if Tamblin did not;" the defendant undertook as surety for Tamblin; it was, as between him

and Tamblin, Tamblin's duty to pay for the board, but if Tamblin did not, he agreed that he would; Tamblin was the primary or principal debtor. The parties clearly so understood it, and there is no evidence which warranted the justice in finding any other contract.

The judgment of reversal was put by the county court upon the case of *Brown* v. *Weber*, 38 N. Y. 187, which in principle, I think, was quite like this and required such a decision.

The judgment of the county court should, therefore, be affirmed.

*Judgment affirmed.*