Kessler *v.* Sonneborn.

---

Adolph Kessler, Appellant, *against* Solomon S. Sonneborn, Respondent.

(Decided February 6th, 1882.)

Plaintiff, being the family physician of L., and in attendance as such upon the wife and children of L., not having been paid for the services so rendered, and being unwilling to continue his services upon the credit of L., stated to the defendant, a brother of L.'s wife, that he could not afford to continue attending the family unless he was secure about his pay. Thereupon the defendant told plaintiff to go on and charge the services to him, and he would pay for them. *Held,* that the defendant was liable to the plaintiff for services thereafter rendered by plaintiff in

attending the members of L.'s family, who were ill, although the arrangement between the plaintiff and the defendant was made without the knowledge of L. Such services having been rendered upon the credit of the defendant, and not upon the credit of L., the defendant became himself the debtor, and the Statute of Frauds did not apply.

APPEAL from a judgment of the general term of the Marine Court of the City of New York affirming a judgment of that court entered upon the verdict of a jury.

The facts are stated in the opinion.

*Evarts, Southmayd & Choate,* for appellant.—It is a principle beyond question that a promise by a third person to pay a debt for which another is liable is void under the Statute of Frauds, when the liability of the original debtor continues, and the consideration moves only between the original debtor and creditor (*Mallory* v. *Gillett,* 21 N. Y. 412). This principle does not, of course, apply to cases where the promise of the third person is based upon some consideration moving to the promisor (*Nelson* v. *Boynton,* 3 Metc. 396, 400) ; or to those cases where the promise for the benefit of the third person is an original liability, there being no other liability to which it can be collateral. But the conditions and circumstances under which the alleged agreement or promise was made show that it is covered by the principle above stated.

Mr. Leipziger had incurred a liability to the physician for such services as the latter should render during the continuance of the illness of the former's family; and without an express understanding with the debtor by which his liability was released, the physician would be able to maintain an action for the services rendered during the entire illness (*Hewitt* v. *Wilcox,* 1 Metc. 154). Nothing was said or done by which Mr. Leipziger was released from his liability. There was an implied contract, made when the physician was called in, that Mr. Leipziger would pay the fair value of the services rendered to his family. In making this contract, whether it be expressed or implied, the minds of the parties met, and to modify or set it aside requires a further meeting of the minds of the contracting parties ; no intention or wish of one party,

uncommunicated to the other, can have this effect (Leake Dig. Law of Contracts, 12 ; *Browne* v. *Hare*, 3 Hurlst. & N. 484 ; *The Palo Alto*, Davies, 343, 358).

Such a promise as is alleged to have been made by Mr. Sonneborn is within the statute and void, it being a promise to answer for the debt or default of another, the consideration for the promise moving only to the original debtor, and the original debt remaining (*Leonard* v. *Vredenburgh*, 8 Johns. 29 ; *Barber* v. *Fox*, 1 Stark. 270 ; *Nelson* v. *Boynton*, 3 Metc. 396 ; *Hanford* v. *Higgins*, 1 Bosw. 441).

The claim for services rendered prior to the time of the alleged promise is plainly void, and this makes the whole claim invalid, under the principle (*Loomis* v. *Newhall*, 15 Pick. 159) that a promise not in writing, void as to a part by force of the Statute of Frauds, is void in the whole.

*Ferd. Kurzman*, for respondent.—The action is not upon a guaranty, nor upon any verbal promise to answer for the debt, default, or miscarriage of another.

The services after March 26th, 1879, were rendered for the defendant, and at his request, and under his agreement to pay for them. It was wholly immaterial that the services were rendered to the defendant's sister and her children.

The credit was given to the defendant. The undertaking of the defendant was original, and not collateral. The Statute of Frauds has, therefore, no application (*Brown* v. *Weber*, 38 N. Y. 187; *Booth* v. *Eighmie*, 60 N. Y. 238).

Van Brunt, P. J.—Prior to the 26th of March, 1879, the plaintiff had been the family physician of a Mr. Leipziger. In the latter part of 1878 the ·plaintiff was called in his capacity of family physician to attend certain members of Mr. Leipziger's family. He continued to attend them until on or about the 26th of March, when the defendant Mr. Sonneborn, a brother in-law of Mr. Leipziger, called at Dr. Kessler's office, and in a conversation there had the defendant was told by the plaintiff that he could not afford to go on and attend this family unless he was secure about his pay. To that Mr.

Sonneborn's reply was "Doctor, I want you to go on in this case: you do as you please, employ nurses if you like, do all you can for my poor sister and her children, and you charge your bill for medical services to me, and I shall pay it."

The doctor then continued his services until the 6th of May. His bill being unpaid he commenced this action to recover for the services rendered subsequent to the 1st of March. Upon the trial of the action all charge for services prior to the 26th of March was waived, and a judgment was rendered for the balance.

The objection raised by the appellant in this case is that the promise of Mr. Sonneborn, if made, was within the Statute of Frauds, and therefore void.

In order to determine this proposition, of course it is necessary to consider as to whether Mr. Sonneborn's agreement was an original undertaking, or whether Mr. Leipziger still remained liable to the plaintiff for the services which were subsequently rendered. It seems to be claimed by the defendant that because Mr. Leipziger knew nothing of this arrangement with Mr. Sonneborn, that therefore, he remained liable for the services which were rendered by the plaintiff to him by and with his consent; that the arrangement with Sonneborn, if made as claimed upon the part of the plaintiff, in no way released Mr. Leipziger or in any way changed or affected the relation of Mr. Leipziger to the plaintiff in this action; and that he still remained liable, even if the agreement as sworn to by the plaintiff was made between the parties to this action.

As has already been suggested, the burden of the appellant's argument seems to be that Leipziger's liability to pay for services thereafter to be rendered to him could not in any way be affected except by and with his consent. In the case of *Brown* v. *Weber* (38 N. Y. 187), the court lays down the rule that to determine whether a contract is within the second clause of section 2 of the Statute of Frauds it must be ascertained whether the party sought to be charged entered into an independent obligation of his own or whether the responsibility so made by him was contingent upon the act of another; if the

former, the case is outside of the statute, if the latter, it is within it.

Applying this rule to the facts of the case now under consideration, it is apparent that a finding that Dr. Kessler refused to render any further services upon the credit of Mr. Leipziger is sustained by the evidence; as is likewise a finding that Mr. Sonneborn, as an inducement for him to continue those services, said that he would pay his bill therefor, and that such promise related to the services which were thereafter to be rendered, and that Dr. Kessler, relying upon that promise and upon the faith and credit of the defendant Sonneborn only, rendered the services which he did subsequent to the 26th of March, 1879.

It is true that this arrangement between Sonneborn and Kessler was made without the knowledge of Leipziger, but whether made with or without his knowledge, if those subsequent services were rendered upon the credit of Sonneborn and not upon the credit of Leipziger, in law, Leipziger was discharged from the liability and Sonneborn became the debtor.

Under these circumstances the Statute of Frauds could not apply, and the plaintiff in this action would have a right to recover the value of those services notwithstanding the Statute of Frauds.

In regard to the requests to charge, it would seem that the judge was entirely correct in refusing the second request, because the request was that it should be submitted to the jury to determine whether Leipziger was liable for the services which Dr. Kessler rendered subsequent to the 26th of March, without any request calling their attention to the facts which were necessary to be established in order to justify them in finding such liability.

The charge of the judge, in answer to that proposition, that if the agreement was as alleged by the plaintiff, Mr. Leipziger was not liable for those services and the plaintiff could in no event recover from him, seems to have been entirely correct. The fact of his having placed the exemption of Mr. Leipziger from liability upon the finding of the jury that the plaintiff's statement of the conversation between him-

self and Sonneborn was correct, involves the proposition that if the jury did not find such to be the fact, Leipziger would be liable. In his charge he had submitted that proposition squarely, that if they believed the plaintiff, that his version of the transaction was correct, the plaintiff was entitled to recover ; if, however, they did not believe the plaintiff, then the defendant was entitled to a verdict.

We can see no error in the trial of the cause, and the judgment should be affirmed with costs.

BEACH, J., concurred.

Judgment affirmed, with costs.