## FLAGLER *v.* LIPMAN.

*(City Court of New York, General Term. November 25, 1892.)*

1. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.

Where a mechanic who has a claim against a third person, and a right to file a lien on his premises, releases both on the verbal promise of a third party to pay the claim, the promise is an original undertaking, and not within the statute of frauds.

2. ACTION ON CONTRACT—CONDITIONAL PROMISE.

Where the promise was to pay a part of the claim when the release was signed, and the balance when one B. finished his work on the house, an action for the balance due on the claim cannot be defeated on the ground that B. never finished his work.

Appeal from trial term.

Action by William L. Flagler against Julius Lipman. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FITZSIMONS and NEWBURGER, JJ.

*E. A. Jacob,* for appellant.  *Menken Bros.,* for respondent.

FITZSIMONS, J.  The plaintiff made a contract with one Bell in October, 1889, to cement sidewalks, cellars, areas, yards; etc., in and about certain houses owned by Bell at Eighty-Fourth street and Tenth avenue, which work was completed about June 1, 1890.  Said premises were conveyed to one Schmitt, April, 1890.  Schmitt reserved enough money out of the purchase price to pay plaintiff when his work was completed.  During the ownership of Schmitt, part of the work, of the value of $873, under said contract was done, and plaintiff had a right to file a lien against the premises for the value of his work done and materials furnished.  The work was completed by plaintiff at Schmitt's request.  In July the defendant requested the plaintiff to release Schmitt from the payment of said defendant, and also to release said premises from the lien which he had against the same for such work, and verbally promised plaintiff that he would pay said claim, if such release was given.  On July 10th such a release was executed and delivered to Schmitt. The defendant made two payments under his said promise, amounting to $423, leaving a balance due of $450.  The payment of said $873 was to be made in installments.  Two hundred and twenty-three dollars was paid when the release was signed, and the balance was to be paid when certain work was completed by Bell upon the houses then being built.  The defendant submitted his version of the transaction with plaintiff, which differed with plaintiff's statement thereof, but the jury elected to believe the plaintiff and disbelieve the defendant, which they had a right to do, and plaintiff's version is substantially as above related, and we must draw from the evidence every possible inference favorable to plaintiff's case.  Work of the value of $873 was done at the request of Schmitt, and was done in accordance with the terms of the Bell contract; therefore Schmitt was debtor to plaintiff for said work, and was ·such debtor when defendant, in July, agreed to assume the payment of such debt, if plaintiff would release Schmitt and his premises from all claims for such work, which was done.  The defendant's contention upon this appeal is that his promise, being merely verbal, is void; the statute of frauds requiring such promises to be in writing, and signed by the person sought to be charged.  It is quite true that the statute of frauds requires an agreement or promise to pay the debt of another to be in writing, and signed by the person sought to be charged therewith, but the promise of defendant was not of that character.  He promised to pay Schmitt's debt if plaintiff would release Schmitt, and rely solely and only upon him for the payment therefor.  Under such a promise, he becomes the original obligor, and therefore it was not within the statute mentioned, and his promise need not be in writing.  The court of appeals, in *Brown* v. *Weber,* 38 N. Y. 187, says: "The test to be applied to every case is whether the party sought to be charged is the principal debtor primarily liable, or whether he is only liable in case of the default of a third person; in other words, whether he is the debtor, or whether his relation to the creditor is that of surety for the performance by some other person of the obligation of the latter to the creditor." Again, in *Ackley* v. *Parmenter,* 98 N. Y. 425, RAPALLO, J., states the rule to be, the verbal undertaking is within the statute, unless the defendant, before making the promise, had so dealt as to make the debt his own, or had incurred a duty to pay the amount due to plaintiff.  These two cases, I think, state the doctrines of law applicable to this case.  Here the defendant, by inducing the plaintiff to release his claim against Schmitt and his (Schmitt's) property, and promising to pay the debt due, became the principal debtor.  He thus made the debt his own, and incurred a duty to pay the amount due plaintiff by Schmitt.  The fact that Bell did not finish his work in the Eighty-Fourth street house does not affect the right of plaintiff to recover in this action.  Judgment affirmed, with costs.