FLAGLER v. LIPMAN.

(Common Pleas of New York City and County. General Term, February 6, 1893.)

1. STATUTE OF FRAUDS—AGREEMENT TO PAY ANOTHER'S DEBT.

A verbal promise by a mortgagee to pay the balance due a material man for materials furnished in the erection of a building on the mortgaged premises, in consideration of his release of the owner, and of his agreement to look solely to the mortgagee for payment, makes the mortgagee the principal debtor, and not a surety; and hence the promise is not within the statute of frauds, requiring an agreement to pay the debt of another to be in writing. 20 N. Y. Supp. 878, affirmed.

2. SAME—CONSIDERATION.

The release of the owner from liability, thus relieving the premises from a possible mechanic's lien, which would have been a detriment to the mortgagee, is a sufficient consideration for his promise to pay the debt. 20 N. Y. Supp. 878, affirmed.

Appeal from city court, general term.

Action by William L. Flagler against Julius Lipman for balance due on an account from one William C. Schmidt, which balance defendant was alleged to have agreed to pay. From a judgment of the general term of the city court, affirming the judgment of the special term in plaintiff's favor, and an order denying motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

E. A. Jacobs, for appellant.

Menken Bros., for respondent.

BOOKSTAVER, J. This action was brought by the plaintiff upon a verbal promise made by the defendant to be answerable to the former for the payment of $873, the balance due him from one William C. Schmidt, on account of labor and material furnished the latter on certain premises belonging to him, the consideration for such promise being a release, under seal, of Schmidt from all indebtedness for said work. On the faith of this agreement plaintiff executed to Schmidt the release bargained for, and at the same time received from the defendant $223, and afterwards the further sum of $200, leaving a balance of $450, for which recovery is sought in this action. The answer denies every allegation of the complaint, except that plaintiff received the two sums of money from defendant, and, in respect to them, alleges

that they were paid by him at the request, with the consent, and for the account of one William Bell, (the former owner of the property in question, and the person from whom Schmidt derived title thereto,) who was indebted to plaintiff.    On the trial it appeared that Lipman, the defendant herein, together with another, held a matured second mortgage on the property, to the amount of $13,000, subject to a purchase-money mortgage of $118,500.    The jury found a verdict in favor of the plaintiff, and thus decided that Schmidt, not Bell, owed the plaintiff the money in suit; and it appears from the case that the plaintiff was in a position to file a mechanic's lien upon the premises, which would have been to the injury of the defendant, the mortgagee; hence his interest in preserving the premises from such an incumbrance.    Notwithstanding this, and notwithstanding the fact that the defendant, (a lawyer, presumed to know the law,) by means of this agreement, obtained from the plaintiff (a man not skilled in the law) a release of his claim, he, in the court below, sought, and now seeks, to avoid the verbal agreement, on the ground that it has no validity, under the statute of frauds.    It is quite true that that statute requires an agreement to pay the debt of another to. be in writing, and signed by the person sought to be charged therewith, but the test to be applied in such a case is whether the party sought to be charged is the principal debtor, primarily liable, or whether he is only liable in case of the default of a third person; in other words, whether he is the debtor, or whether his relation to the creditor is that of surety for the performance by some other person of the obligation of the latter to the creditor.    Brown v. Weber, 38 N. Y. 187.    A verbal undertaking is within the statute, unless the defendant, before making the promise, had so dealt as to make the debt his own, or had incurred a duty to pay the amount due the plaintiff.    Ackley v. Parmenter, 98 N. Y. 425.    In this case the defendant had promised to pay Schmidt's debt if plaintiff would release Schmidt, and rely solely and only upon him for payment.    Under such a promise he became the original obligor, and therefore is not within the statute, and his promise need not be in writing.    The consideration for such a promise was quite sufficient.    The release relieved the property in which the defendant was interested from a possible mechanic's lien, and forever prevented the plaintiff from asserting his claim against Schmidt.    There was therefore not only a valuable consideration for the agreement on defendant's part, but a detriment to the plaintiff.

There is no proof to sustain appellant's contention that plaintiff had not performed his contract with Schmidt at the time the agreement was made, nor is any such nonperformance pleaded.    As appears from the case, the work done by plaintiff was done under Schmidt's direction, and, as before shown, he was liable to the plaintiff for its payment.    It was not necessary to show, therefore, that the work was done to Bell's satisfaction.

Upon the appeal to this court, our attention was not called to any other exceptions than those noticed.    The judgment should therefore be affirmed, with costs.