## McROBERTS v. MATHEWS.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.

> Plaintiff sold goods to one P., to be used in erecting a house for defendant. In an action for the value of the goods, plaintiff testified that he told his man not to deliver them without payment or guaranty from defendant, that the driver delivered the goods, and reported that defendant promised to pay for them. The goods were charged on plaintiff's books to P. *Held*, that no original promise by defendant to pay was shown, and the case was therefore within the statute of frauds.

Appeal from Richmond county court.

Action by Hugh McRoberts against Mary Mathews. From a judgment affirming a judgment of the justice of the peace in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Herman S. Butler, for appellant.

Albert E. Hadlock, for respondent.

HATCH, J. The purpose of this action is to recover the value of certain building materials furnished by the plaintiff, and used in and about a house which was being erected by one J. V. Perrine for the defendant. The proof offered upon the part of the plaintiff to sustain the claim is very brief and meager. The plaintiff testified that he knew Perrine, and that he was building a house for the defendant. "I supplied him with some building material during the year 1893. I supplied some of which this debt is a part, my man being told not to deliver it without payment of the bill or a guaranty from the owner of the house. He delivered it, and

reported to me of the defendant's promise to pay, and of his delivery of the goods." The defendant moved to strike out the last answer, as the conversation was not with the witness, which motion was denied. On cross-examination the plaintiff testified: "That the goods were sold to Mr. Perrine, charged on the books to Mr. Perrine, and Mr. Perrine paid what was paid on account, and the guaranty was verbal." The other testimony in the case was to the effect that after the house was finished, and Perrine had been paid in full, the defendant promised to pay the bill. Giving full force to this testimony, that which was hearsay as well as that which was direct and personal, and it fails to show a case outside of the statute of frauds. No original promise to pay, made by the defendant, is established by the testimony, even though we give effect to that which was clearly hearsay. The requirement of the plaintiff and the direction which he gave to his man were not to deliver without payment or a guaranty from the owner. His report was of the defendant's promise to pay, and of his delivery. As to what this promise was, the case is silent. The direction was to obtain a guaranty. If this was the promise obtained, it was required to be in writing, or it fell within the condemnation of the statute. The delivery of the goods was to Perrine, and, in order that the defendant should be charged, it was required that she make herself personally responsible or bind herself in writing. No writing was given, and the report of the man does not establish a pecuniary obligation to pay. The plaintiff himself construed this promise as being a verbal guaranty, and we must understand from this that the obligation entered into upon the part of the defendant was that of surety for Perrine's debt. This is conclusively established by the testimony of the plaintiff that the goods were sold and charged to Perrine, and that he rested upon the verbal guaranty of the defendant for pay. The cases are uniform in holding that such a contract is void, and cannot be enforced. Brown v. Weber, 38 N. Y. 187; White v. Rintoul, 108 N. Y. 222, 15 N. E. 318. The debt in the present case still subsists against Perrine, and the complaint is for the enforcement of the purchase price of the goods sold and delivered to one Perrine, under the defendant's guaranty. No other question is therefore in the case. It follows that there is no evidence, and no view of the case upon which the judgment can be sustained.

The judgment of the county court and of the justice should be reversed, with costs. All concur.