(29 Misc. Rep. 335.)

## LIPPMANN v. BLUMENTHAL.

### (Supreme Court, Appellate Term. October 25, 1899.)

STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER—CONSIDERATION.

> A parol promise by an attorney to pay whatever judgment might be rendered against his client is within the statute of frauds, though it be on consideration of the opposite party waiving costs and any undertaking, since the attorney was not under any present duty to pay what he promised.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Dave Lippmann against Maurice B. Blumenthal. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Daniel F. Kiely, for appellant.
Charles C. Peters, for respondent.

MacLEAN, J. There may be taken, as facts in this case, that the plaintiff recovered judgment upon an inquest in the city court in an action against one Satler, whose attorney was Mr. Blumenthal, above named as defendant; that a motion was subsequently made to open and vacate that default; and that, after several conversations as to terms, plaintiff, by his attorney, agreed to waive costs and any undertaking upon the promise of Mr. Blumenthal, the defendant herein, to pay any judgment which might subsequently be obtained in that action. Some time afterwards the plaintiff recovered judgment against Satler, also by default, and, Satler proving insolvent, this action was brought to recover the amount from the defendant. At the close of the plaintiff's case, the defendant moved to dismiss, on the ground "that the alleged liability of defendant here is within the statute of frauds, the agreement not being in writing, and the plaintiff cannot recover." That motion was granted, and judgment accordingly.

The plaintiff (appellant upon this appeal) contends that the statute of frauds does not apply, because the promise of the defendant was not a collateral, but a new and original, promise, resting upon a consideration originating in an independent dealing between the parties herein; that the consideration supporting this new agreement was the waiving of costs, and an undertaking at the time when the first judgment, entered by default, was vacated and set aside. The doctrine which the plaintiff invokes is not law, although it was long held to be so in this state upon the venerable authority of Chief Justice Kent, from the definition of an "original promise" given by him in the once familiar case of Leonard v. Vredenburgh, 8 Johns. 29, as one where "the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly-contracting parties." This doctrine was narrowed in Mallory v. Gillett, 21 N. Y. 412, by a bare majority of the judges, upon a very elaborate review of the case by Comstock, C. J., so as to require the new promise to be founded upon a consid-

eration moving to the promisor. Later on, in Brown v. Weber, 38 N. Y. 187, all the judges concurred in the opinion by Grover, J., that the test to be applied in every case is whether the party sought to be charged is the principal debtor primarily liable, or whether he is only liable in case of the default of a third person, or, in other words, whether or not the party promising is undertaking for the performance of his own obligation. Later still, in Ackley v. Parmenter, 98 N. Y. 425, Rapallo, J., stating, as was said in White v. Rintoul, 108 N. Y. 222, 15 N. E. 318, "with precision and accuracy, the doctrine of the court," said: "Consequently at the time of the alleged promise he was under no present duty to pay, and the promise, though founded on a good consideration (viz. the adjournment of the sale), was nevertheless an undertaking to pay the debt of another, and was void, under the statute of frauds." To determine that the promise of the defendant herein was not a collateral, but a new and absolute, promise, resting upon a new consideration, it would be necessary to determine that the defendant's liability for costs in the action of Lippmann v. Satler was a present liability to pay, in consequence of the attorney's negligence. The waiver of costs was certainly detrimental to the present plaintiff, and beneficial to the debtor, Satler; but, so far as appears, it was of no advantage to Satler's attorney, now the defendant herein. So, too, the waiving of the undertaking doubtless was detrimental to the promisee, and beneficial to the debtor, Satler; but there was no evidence to show that it was of benefit to the promisor, much less does it appear that at the time of making the promise the defendant was under a present duty to pay what he had promised. Apparently, also, the plaintiff did not consider Mr. Blumenthal, now the party sought to be charged, as the principal debtor, who had undertaken for the performance of his own obligation. He treated him as only liable in case of the default of the debtor, Satler. When he had recovered judgment a second time, he issued execution, and, upon the return of that unsatisfied, had Satler examined in proceedings supplementary to execution, and only after his remedies against Satler had been exhausted did he turn, by the present action, to the present defendant. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.