### ROSCOE LUMBER CO. v. REYNOLDS et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

FRAUDS, STATUTE OF—"PROMISE TO ANSWER FOR DEBT OF ANOTHER."

A promise by officers of a corporation which had an interest in a certain building to answer for the purchase price of a quantity of lumber sold to the contractor corporation for the construction of the building was a promise to answer for the debt of a third person, required by the

statute of frauds to be in writing; and hence such promise, when oral, did not render the officers individually liable thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 16–33.

For other definitions, see Words and Phrases, vol. 6, p. 5676.]

Appeal from Municipal Court, Borough of Queens, First District.

Action by the Roscoe Lumber Company against William H. Reynolds and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Theodore T. Baylor, for appellant.

Morris & Whitehouse, for respondents.

RICH, J. This is an appeal from a judgment of the Municipal Court in an action brought against the defendants to recover the purchase price of a quantity of lumber sold to the Shea-Ellis Construction Company to be used in the erection of a building at Dreamland for the Creation Company, a copartnership of which the defendants were president and vice president, respectively. It was claimed by plaintiff that defendants promised to pay for the lumber at the time the same was purchased by the contractor. An issue of fact was presented upon the trial as to whether defendants made such a promise. The learned justice has decided in favor of defendants, and there is sufficient evidence in the case to sustain his finding. We are not clear, however, that he decided the case upon the facts. He evidently believed that the agreement claimed by plaintiff to have been made was an agreement to answer for the debt, default, or miscarriage of the Shea-Ellis Construction Company, and therefore within the statute of frauds. No opinion was written, and we are unable to say upon what ground the case was finally decided. The decision must be sustained, and it makes no difference whether it was decided upon the facts or the law. Plaintiff's president testified that he had a conversation with one of the defendants at the time the order was received over the telephone as follows:

"I said: 'We have here an order from the Shea-Ellis Construction Company for lumber, and we don't know anything about them.' Q. For what building? A. Creation Building. He said: 'That is all right. I will see you paid.' I said: 'That will hardly go in a transaction like that. We will have to deal with you direct.' He said: 'That is all right. Any lumber shipped to the Creation Building we will pay for.' I said: 'Who is we? He said: 'Mr. Ryan and myself.' I said: 'How does Mr. Ryan come in this?' He said: 'Anything I say will go.' * * * He said they were both interested in this Creation Building."

Subsequently the lumber was delivered and bill therefor rendered to the Shea-Ellis Construction Company, the principal debtor. The case at bar is distinguishable from the case of Almond v. Hart and Others, 46 App. Div. 431, 61 N. Y. Supp. 849. There the promisors were the owners of the building and the promise was an original undertaking, while in the case at bar defendants were merely the officers of a corporation which had an interest in the building. They

undertook by a collateral promise to answer for the debt of a third person. It was not their debt, and the same would have been true if the indebtedness had been that of the corporation of which they were officers. Mechanics' & Traders' Bank v. Stettheimer, 116 App. Div. 198, 101 N. Y. Supp. 513.

The promise, assuming one to have been made, was void; and the judgment must be affirmed, with costs. All concur.