### O'BRIEN v. MENDEL.

(Supreme Court, Appellate Term. December 22, 1911.)

FRAUDS, STATUTE OF (§ 158*)—DEBT OF ANOTHER—PROMISE TO PAY—EVIDENCE.
     Evidence *held* to require a finding that defendant's parol promise to guarantee payment for goods sold to another was not an original promise to pay for the goods, but a promise to answer for the debt of another within the statute of frauds.

     [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 376; Dec. Dig. § 158.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph F. O'Brien against William H. Mendel. From a judgment of the New York City Court, in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Alger & Simpson (George W. Alger, of counsel), for appellant.
L. E. Warren (J. M. Grossman, of counsel), for respondent.

GIEGERICH, J. The action was brought to recover the value of certain merchandise which the plaintiff alleges he sold to the defendant. The defendant pleaded a general denial. Upon the trial, and after the plaintiff's evidence disclosed the nature of the agreement relied upon, the defendant was granted leave to amend his answer by setting up as a defense the statute of frauds. The question is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the evidence showed an original contract on the part of the defendant or only a contract of guaranty.

From the evidence given on behalf of the plaintiff, it appeared that the plaintiff had been selling goods to a concern named Rothschild & Co., which had fallen behind in its payments, whereupon the plaintiff's salesman, a man named Kelly, went to see the defendant, who was the treasurer of Rothschild & Co., and told him that the plaintiff would not ship any further goods to Rothschild & Co. "unless he would make himself responsible for them," to which the defendant replied that he would be responsible for them, "go ahead and ship the goods." Kelly further testified:

"I told him that we had received a great many promises of payment from Rothschild & Co., and that they had not lived up to them; that there was nobody there that we could look to for payment of future bills; and that it was for that reason that I was calling on him and I wanted his assurance that he would pay for the goods, otherwise we would not send him any more goods; that he had to guarantee them absolutely. He said, 'Yes.' He said he would be responsible for the obligations to be incurred."

Upon cross-examination, the same witness said:

"I distinctly remember that I said that he should guarantee the account."

And then, in answer to a question by the court, he said:

"I told him he would have to guarantee it and make himself responsible for it in every particular because there was nobody else that we could look to for the payment of the account."

The same witness also testified to subsequent interviews at which he asked the defendant "for money on the guaranty. I used those words."

It further appeared that upon the plaintiff's books the account continued to be carried in the name of Rothschild & Co., and that there was entered on the margin the following notation: "Mendel guaranteed from this. Kelly." Not only did the account still continue so to be carried against Rothschild & Co., but there were put in evidence numerous letters written by the plaintiff to Rothschild & Co. urging payment on the account, both that which was represented by sales made after the promise of the defendant, as well as that represented by sales prior thereto.

Considering only the testimony of the plaintiff's own witness and the plaintiff's own book of account and letters, I do not think it possible to take the view that the defendant's obligation was the primary and sole obligation.

In Brown v. Weber, 38 N. Y. 187, 189, it was said:

"The test to be applied to every case is whether the party sought to be charged is the principal debtor, primarily liable, or whether he is only liable in case of the default of a third person; in other words, whether he is the debtor, or whether his relation to the creditor is that of a surety to him for the performance, by some other person, of the obligation of the latter to the creditor."

In the present case, the plaintiff's books and letters clearly show that he regarded Rothschild & Co. as liable on the account. If so, that liability was necessarily the primary one, and the liability of the

defendant was only that of a surety. The testimony of Kelly is in no wise contradictory of or inconsistent with what is shown by the books. His testimony is quite susceptible of construction as meaning a guaranty, rather than a primary obligation, and, in fact, quite apart from the books and letters, it would be a strained construction, and one I believe not permissible, to hold that it indicated a primary agreement, rather than the collateral agreement of a surety.

I regard the decisions made in Mechanics' & Traders' Bank v. Stettheimer, 116 App. Div. 198, 101 N. Y. Supp. 513, and in Roscoe Lumber Co. v. Reynolds, 124 App. Div. 539, 108 N. Y. Supp. 1018, as supporting the conclusion reached in this case.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.