WILLIAM C. ROSENKRANZ, Respondent, v. SCHREIBER BREWING CO., INC., Appellant, and BUFFALO GENERAL CORPORATION and GERALD K. RUDULPH, Defendants.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: Upon plaintiff's own evidence he cannot recover against appellant. He dealt entirely with Rudulph who was not an officer of defendant, and whose authority to make contracts binding on appellant is not shown. (Wilson v. Kings Co. Elevated R. R. Co., 114 N. Y. 487.) Furthermore, plaintiff himself testified that Rudulph did not promise to " pay " for plaintiff's work and materials, but only that the work and materials " would be paid " for. And all through his testimony plaintiff, who dealt only with Rudulph, tells of the latter's saying: " I will see that you are paid," and that it was only his " inference " that Rudulph meant that appellant would pay. The jury returned a verdict in favor of Rudulph. The evidence to bind appellant was weaker than that against Rudulph. From the entire record it seems clear that, even assuming that Rudulph had authority to bind appellant, the contract made by him was unenforcible under the Statute of Frauds. (Pers. Prop. Law, § 31; Brown v. Weber, 38 N. Y. 187.) All concur. (The judgment is for plaintiff against one defendant in an action under a guaranty of payment. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

CENTRAL LAUNDRY AND SUPPLY CO., INC., Appellant, v. CHARLES A. LEE, Individually and Doing Business as NORTH EAST LAUNDRY, Respondent.— Judgment affirmed, with costs. Memorandum: Giving to plaintiff the benefit of every reasonable inference to be drawn from evidence offered to prove defendant's breach of a restrictive covenant in the contract in suit, we do not find proof sufficient to establish the cause of action pleaded. We also take into consideration the fact that the evidence offered by the plaintiff established no damage. All concur, except Dowling, J., who dissents and votes for reversal on the law and for granting a new trial. (The judgment dismisses the complaint in an action to recover damages for breach of a contract.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

LOUIS ERBACH, Respondent, v. THE SHOE FORM COMPANY, INC., Appellant. — Judgment and order affirmed, with costs. Memorandum: The evidence is sufficient to support the verdict rendered by the jury. All concur. (The judgment is for plaintiff in an action to recover salary due under a contract. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.